WILLIE CONRAD V. STATE.

No. 24772. May 24, 1950.

*Murray J. Howze,* Monahans, and *Guy A. McFarland,* Odessa (on appeal only) for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The count in the indictment upon which the conviction rests charged that appellant by force and at night broke into and entered the private residence of Mary Shaheen with intent to commit the crime of rape by force upon the said Mary Shaheen. The punishment was assessed at fiften years in the penitentiary.

The state relied upon and introduced in evidence the written confession, from which we quote the following pertinent provisions:

"Then I got the idea of going by Mary Shaheen's house on my way home. I thought maybe she had some money there and that I would take some of it. I got laid off from my job yesterday and had been worrying about not having much money.

"I walked up to Mary's front door and pulled the screen open. I guess she must have heard me pulling on the screen, because she opened the front door partly open. I walked in and asked her if she had any money and she said No. I started feeling around the room in the dark to see if I could find any money. I didn't find any money.

"Then I got the idea of having sexual intercourse with Mary. I pushed her down on the bed . . . . . . . . and had intercourse with her."

Mary Shaheen, the alleged injured party, was seventy-seven years of age. She testified in behalf of the state, but on account of her age or some defect in her speech, her testimony was difficult to understand. It is sufficient to say, however, that it is only by the confession that the crime of rape is shown to have been committed by appellant after the burglarious entry into the house.

The confession, therefore, was used and relied upon by the state for a conviction.

The confession shows that the intent with which appellant entered the house was to commit the crime of theft, for, as hereinbefore quoted, he said:

"I thought maybe she had some money there and that I would take some of it. I got laid off from my job yesterday and had been worrying about not having much money."

The count in the indictment submitted to the jury and upon which the conviction was predicated did not, however, allege that the entry was with the intent to commit the crime of theft.

As to the intent to commit the crime of rape, the confession, as before quoted, says:

"I walked in and asked her if she had any money and she said No. I started feeling around the room in the dark to see if I could find any money. I didn't find any money.

"Then I got the idea of having sexual intercourse with Mary . . . ."

Since 1886, in the case of Harris v. State, 20 Tex. App. 652, it has been the consistent holding of this court that the intent to commit the felony or crime of theft, essentially necessary to constitute the crime of burglary, must exist at the time of and accompany the entry into the house.

If the intent relied upon by the state was formed after the entry, the crime of burglary is not shown. See Secs. 55 and 56, 7 Tex. Jur., Burglary, pages 805 and 806, and authorities thereunder.

Here, the state, by the confession, showed that the intent on the part of the appellant to rape the injured party was formed after he had entered the house. Having introduced and relied upon the confession to make out its case, the state is

bound thereby. There is no testimony contradictory of this exculpatory evidence. The state, by using appellant's confession, showed, therefore, that he was not guilty of the offense charged.

It follows, therefore, that the facts fail to show that appellant committed the crime of burglary with the intent to commit the felony of rape, as charged.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.