**John Vernon HOBBS, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0570–04.**

Court of Criminal Appeals of Texas.

June 22, 2005.

---

Artie Aguilar, Lubbock, for Appellant.

Sammy M. McCrary, Asst. District Attorney, Lamesa, Matthew Paul, State's Atty., Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, JOHNSON, KEASLER, HOLCOMB, JJ., joined.

In this case we decide that appellant committed one, continuous offense of evading arrest as defined by TEX. PEN.CODE, Section 38.04(a), which provides:

A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.

The evidence shows that one evening at around 10:00 p.m., appellant fled in his vehicle from a police officer when the officer attempted to stop him.[1] Appellant drove his vehicle into a field. The officer did not pursue appellant for fear of damaging his patrol car. The police set up a perimeter and began searching for appellant. They later found appellant's abandoned vehicle in another field. Police, with the help of a dog, searched for appellant until 2:30 a.m. at which time the police suspended the search because the dog and the officers were tired and the field was too dark to effectively search for appellant. The police resumed the search at 8:30 a.m. and eventually found appellant hiding in a woodshed attached to a home eight miles from where appellant abandoned his vehicle.

A jury convicted appellant of felony evading arrest and burglary of a habitation with the intent to commit felony evading arrest. The jury assessed appellant's punishment, enhanced by three prior felony convictions, at 40 years' confinement for each offense. The trial court ordered these sentences to run concurrently.

Appellant claimed on direct appeal that the evidence is insufficient to support his conviction for burglary of a habitation with intent to commit felony evading arrest because the felony evading arrest offense was completed when appellant abandoned his vehicle before appellant's entry into the habitation.[2] The Court of Appeals rejected this claim and decided that the felony evading arrest "continued until appellant was later caught and arrested." *See*

---

1. TEX. PEN.CODE, Section 38.04(b)(1), provides:

   (b) An offense under this section is a Class B misdemeanor, except that the offense is:
      (1) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;

2. The point of error presenting this claim in appellant's brief in the Court of Appeals stated:

   Is the evidence legally sufficient to support a conviction on the Burglary of a Habitation charge where the intended felony was complete at the time of entry into the Habitation?

*Hobbs v. State,* No. 11–03–00082–CR slip op. at 6, 2004 WL 350475 (Tex.App.-Eastland, February 26, 2004) (not designated for publication). We exercised our discretionary authority to review this decision. The grounds upon which we granted discretionary review state:

> 1) Is felony evading arrest in a motor vehicle a continuing offense after the vehicle is no longer in use?
> 2) Is it legally possible to enter a habitation with the intent to commit the felony of evading arrest in a motor vehicle when the actor is not in possession of the vehicle?

■ Appellant's complaint is two-fold. He alleges that he could not have intended to commit a felony evasion of arrest offense when he entered the habitation because any such offense was completed when he abandoned the vehicle. Thus, he claims no burglary as defined in TEX. PEN. CODE, § 30.02(a)(1), (2), could have been committed as this section requires an entry into a habitation with the intent to commit a felony.[3] The crux of appellant's argument is that at most he committed two offenses of evading arrest. He claims that he committed one evading arrest offense which was completed when he abandoned his vehicle at which time his commission of the other evading arrest offense

began when he continued his flight on foot. Appellant essentially argues that the different means of locomotion are what makes these two separate offenses.[4]

This presents an issue of statutory construction, particularly whether the different means of locomotion are "allowable units of prosecution" under Section 38.04(a) which, in relevant part, defines the offense as a person who "flees from a person he knows is a peace officer attempting lawfully to arrest or detain him."[5] This language plainly does not define separate offenses (or "allowable units of prosecution") when different means of locomotion are used.[6] In addition, Section 38.04(b)(1), which elevates the punishment level for the offense defined in Section 38.04(a) when a vehicle is used, requires only that a vehicle be used at some time during the commission of this offense. As applied to this case, Section 38.04(b)(1) did not require that appellant intended to use his abandoned vehicle (or some other vehicle) when he entered the habitation.

Appellant also claims that the felony evading arrest was completed when, according to appellant, the police gave up the pursuit. Appellant further claims that, if evading is a continuing offense from the

---

3. The underlying felony in these cases is the felony evading arrest.

4. Under appellant's construction of Article 38.04(a), therefore, a person would commit 10 evading arrest offenses when (1) that person fled from the police in his car which he abandoned and (2) fled on foot until (3) he used a small-wheeled (less than 14 inches in diameter) bicycle which he abandoned and (4) fled on foot until (5) he used a pair of roller skates which he abandoned and (6) fled on foot until (7) he used a pair of roller-blades which he abandoned and (8) fled on foot until (9) he used a skateboard which he abandoned and (10) fled on foot until he was caught.

5. *See generally Vineyard v. State,* 958 S.W.2d 834 (Tex.Cr.App.1998); *Patterson v. State,* 152 S.W.3d 88, 92–94 (Tex.Cr.App.2004) (Hervey, J., concurring in the judgment).

6. This construction of Section 38.04(a) finds support in the New Mexico Court of Appeals' construction of a similar statute in a similar case where the defendant initially fled from the police in his car and then on foot. *See State v. LeFebre,* 130 N.M. 130, 19 P.3d 825, 830–32 (App.2001) (division of evading an officer based on different means of locomotion used during one chase episode "is artificial and not required or contemplated by the [applicable] statute").

beginning of pursuit until apprehension, then the successful evader that commits a criminal trespass days, weeks, months or years later, is guilty of burglary of a habitation with the intent to commit felony evading. Appellant argues in his brief on discretionary review:

> The Court of Appeals determination that evading arrest is inherently a continuing offense and their ruling that it continued from the beginning of the chase until Petitioner's apprehension and arrest would lead to absurd results. For example, any person that effectively evaded arrest on foot that was apprehended hours, days, weeks, months or even years later during a traffic stop where they were driving the vehicle would be guilty of evading arrest with a motor vehicle, even though at no time was a vehicle used in the successful evasion of the original pursuing officer. . . . Therefore, a person is only committing the offense of evading for so long as the officer is actively attempting lawfully to arrest or detain him. According to the plain language of the statute, once an officer gives up the pursuit, the suspect is no longer evading arrest, he has evaded arrest. While his fugitive status continues the active commission of the crime of evading arrest has been completed. In this case, officers gave up

their pursuit of Petitioner on two occasions. The first being when [an officer] ceased pursuit in his patrol unit. (Citation to record omitted). Even if the court concludes that the pursuit was not given up then, it was certainly given up when [the officers] stopped for the night. (Citation to record omitted). Therefore, Petitioner had evaded the officers and the offense was complete. There is no evidence that he later knew they were searching for him.[7] Petitioner's actions after the pursuit entered were those of secreting himself and seeking shelter.[8]

The record, however, does not support a finding that the police gave up the pursuit. Instead, the record reflects that the pursuit was temporarily suspended and resumed several hours later when it was feasible for the officers to effectively search for the appellant. This case does not present the situation described in appellant's brief of the successful evader who commits a criminal trespass days, weeks, months or years later.

■ The dissenting opinion apparently agrees that the felony evading arrest offense continued until appellant's apprehension and that appellant was still in the process of committing this offense when he

---

7. The evidence that appellant was hiding in the habitation when the police found him is evidence that appellant knew that the police were still searching for him.

8. These claims are not encompassed within the grounds upon which we granted discretionary review. The Court of Appeals also did not address these specific claims. And, it is not clear that appellant fairly presented them in the Court of Appeals. Appellant summarized his argument in the Court of Appeals as follows:

> The evidence is legally insufficient to support a conviction on the Burglary of a Habitation charge because the underlying felony was complete prior to the entrance into the

habitation. Appellant had ditched the car and the officers had called off the search prior to the entrance. Also, Appellant was on foot and was not in a vehicle when Appellant entered into the habitation. Thus, the underlying felony was complete prior to Appellant entering the habitation and therefore Appellant could not have the intent to commit evading arrest with a vehicle. The most intent Appellant could have had was evading arrest, a misdemeanor, and that would not be enough to support a conviction of Burglary of a Habitation with the intent to commit evading arrest with a vehicle.

entered the woodshed. *See Hobbs v. State,* slip op. at 1, 2004 WL 350475 (Tex. Cr.App. No. PD–0570–04, delivered this date) (Cochran, J., dissenting) (evading arrest may be a continuing offense and a change in the manner of locomotion—from fleeing in a vehicle to fleeing on foot—does not convert a single, continuous criminal act of evading arrest into separate crimes). The dissenting opinion, however, claims that the Court's decision is not dispositive of whether appellant intended to commit this felony when he entered the woodshed. *See Hobbs v. State,* slip op. at 3–4, 2004 WL 350475 (Tex.Cr.App. No. PD–0570–04, delivered this date) (Cochran, J., dissenting) (fact that evading arrest may be a continuing offense not determinative of appellant's intent when he entered the woodshed). The dissenting opinion claims that appellant is not guilty of the burglary offense unless the evidence shows that he intended to use a vehicle again to escape arrest when he entered the woodshed. *See Hobbs,* slip op. at 2 (Cochran, J., dissenting).

We disagree. A decision that the felony evading arrest offense continued until appellant's apprehension is dispositive of whether appellant intended to commit this felony when he entered the woodshed. If (as everyone apparently agrees) the felony evading arrest offense in this case is a continuing offense, the evidence must show only that appellant used a vehicle at some time during the commission of this offense for him to be guilty of the burglary offense. It is not necessary for the evidence to show that appellant intended to use a vehicle again when he entered the woodshed. The dissenting opinion essentially would decide that appellant commit-

ted a separate misdemeanor evading arrest offense when he entered the woodshed[9] while he was still in the process of committing the other felony evading arrest offense.

The judgment of the Court of Appeals is affirmed.

COCHRAN, J., filed a dissenting opinion, in which PRICE, J., joined.

COCHRAN, J., filed a dissenting opinion, in which PRICE, J., joined.

I respectfully dissent to the majority's resolution of this case of first impression. I agree with the majority that evading arrest may be a continuing offense and that a change in the manner of locomotion—from fleeing in a vehicle to fleeing on foot—does not thereby convert a single, continuous criminal act of evading arrest into separate crimes. However, that is not the determinative issue in assessing the sufficiency of evidence in this burglary prosecution. As I see it, the underlying legal issue that appellant presents (albeit inartfully)[1] is as follows: Was there legally sufficient evidence to prove that, at the moment appellant broke into Barbara Waldrip's woodshed, he had the intent to commit the crime of *felony* evading arrest? Felony evading arrest requires the use of a vehicle to escape arrest. Burglary, however, focuses upon the future intent of the defendant at the moment he crosses the threshold. It matters not whether he has committed a felony before arriving at the house or whether he is continuing to commit a felony at the time he arrives at the house. The focus is entirely upon the present *mens rea* of the intruder concern-

---

9. *See Hobbs,* slip op. at 3 (Cochran, J., dissenting) (appellant had only a misdemeanor-ish intent at time of unlawful entry into the woodshed).

1. Appellant filed a *pro se* P.D.R. but was appointed an attorney for purposes of briefing the merits of his P.D.R. issues.

ing his intended purpose in entering the house.

Therefore, I cannot understand how, unless there were a car within that woodshed, or at least nearby, a rational jury could determine that appellant's intent in making a criminal entry into the habitation was to evade arrest by using a motor vehicle. There is ample evidence to support the inference that appellant entered Ms. Waldrip's woodshed with the intent to hide from the pursuing police, but that is a misdemeanor evading arrest offense, not a felony. Therefore, I would reverse appellant's conviction and forty-year sentence for burglary, although his forty-year sentence for the separate felony evading arrest conviction which was ordered to run concurrently with the burglary sentence would remain intact.[2]

In its burglary indictment, the State alleged that appellant entered Ms. Waldrip's home (actually the woodshed attached to her home) with the intent to commit a felony, namely the felony offense of evading arrest with a vehicle. Burglary cannot be committed unless the felonious intent exists at the moment of the unlawful entry.[3] But all of the evidence shows that appellant had a misdemeanor-ish intent— he was "on the lam" and hiding out to evade arrest. He exercised that intent by hiding in Ms. Waldrip's woodshed. Felony evading arrest, however, requires an additional element—use of a vehicle while in flight.[4] The fact that appellant *had* used a vehicle several hours earlier to evade arrest does not necessarily mean that he intended to use a vehicle to evade arrest after he entered Ms. Waldrip's woodshed. The fact that evading arrest may be a continuing offense [5] or that appellant may

2. *Hobbs v. State*, No. 11–03–00082–CR, 2004 WL 350475, 2004 Tex.App. LEXIS 1796 (Tex. App.-Eastland 2004) (not designated for publication). Such a ruling would not preclude the State from pursuing any other appropriate charges stemming from this incident.

3. *See Conrad v. State*, 154 Tex.Crim. 624, 626, 230 S.W.2d 225, 226 (1950) ("Since 1886, in the case of *Harris v. State*, 20 Tex.App. 652, it has been the consistent holding of this court that the intent to commit the felony or crime of theft, essentially necessary to constitute the crime of burglary, must exist at the time of and accompany the entry into the house"); *Coleman v. State*, 832 S.W.2d 409, 413 (Tex. App.-Houston [1st Dist.] 1992, pet ref'd) ("The intent to commit a felony or a crime of theft must exist at the time of and accompany the entry into the habitation"); *see generally*, ROLLIN M. PERKINS & ROLAND N. BOYCE, CRIMINAL LAW 266 (3d ed.1982) (noting that "an intent to commit a mere trespass, or even a misdemeanor ... will not satisfy the common-law definition. Furthermore the intent must accompany both the breaking and the entry"); WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 21.1(e) at 219 (2d ed. 2003) ("The intent must be to commit a felony within the dwelling house. Thus, it would not be a burglary to pass through a dwelling as a matter of

choice on the way to an offense elsewhere, although it would be if the route was necessary to reach the object or situs of the intended crime") (citing *Robles v. State*, 664 S.W.2d 91, 92–94 (Tex.Crim.App.1984) (stating that Texas burglary statute did not require that defendant intended to steal property from *within* the premises, only that "the unlawful entry was made for the purpose of furthering commission of the intended theft"; holding that defendant who entered banker's home with a gun and with intent to take banker to his bank to withdraw money for defendant was sufficient to prove burglary even though defendant did not intend that actual theft of money occur at the house; " 'gaining entry was critical to the success of appellant's plan to extort the money' ")).

4. TEX. PENAL CODE § 38.04(a)(1) & (2)(A).

5. The majority cites *State v. LeFebre*, 130 N.M. 130, 19 P.3d 825, 830–32 (N.M.Ct.App.2001), for the proposition that evading arrest, despite a change in the means of locomotion, may be a continuing offense. In *LeFebre*, the court of appeals agreed with the defendant's argument that double jeopardy principles prevented his conviction for two distinct crimes of evading arrest when he used a car to elude

not have "completed" the offense of felony evading arrest with a vehicle is simply not determinative of his intent—his *mens rea*—at the brief shining moment that he entered Ms. Waldrip's woodshed.[6] Under the Texas burglary statute, the evidence must support a finding that appellant intended to commit a felony after he entered the woodshed.

Many states have followed the lead of the Model Penal Code and amended their burglary statutes such that an unlawful entry with the intent to commit *any offense* suffices to establish burglary.[7] This may be a sound position because, as the Model Penal Code commentary notes, "an intrusion for any criminal purpose creates elements of alarm and danger to persons who may be present in a place where they should be entitled to freedom from intrusion."[8] Further, broadening the burglary statute to include the intent to commit any criminal offense avoids the sometimes difficult problem of proof concerning exactly what kind or level of crime the intruder intended to commit after his unlawful entry.[9]

A comparison between legal outcomes under the Texas statute and the Model Code provision may be helpful. The facts in this case are strikingly similar to those set out in *State v. Wallace*,[10] in which the Appellate Court of Connecticut held that there was sufficient evidence to prove that the defendant unlawfully entered an apartment with the intent "to escape from the pursuing police."[11] Under Connecticut law, such an attempted escape constitutes the misdemeanor offense of interfering with a police officer.[12] Under Texas law, those same facts constitute the misdemeanor offense of evading arrest.[13] There is one small, but crucial, distinction between the Connecticut and Texas burglary statutes. Connecticut defines burglary as an unlawful entry with the intent to commit *any* crime,[14] while the Texas statute requires an unlawful entry with the intent

capture, then abandoned it, and fled on foot. *Id.* As the majority correctly points out in footnote four, double jeopardy principles would bar multiple convictions for evading arrest when the criminal act is one continuous course of conduct with only the means of locomotion changing. That, however, is not *what is at issue in this case.*

6. Under both the Texas statute and the Model Penal Code, the State must prove that at the time the defendant entered unlawfully he intended to commit the underlying crime *after* he entered the premises. *See Robles,* 664 S.W.2d at 93–94; Model Penal Code § 221.1, Comment at 76–77 ("The word 'therein' in Subsection (1) of the Model Code provision [defining burglary] performs the same function by requiring that *the intent to commit an offense after the entry has been effected*").

7. Model Penal Code § 221.1 (1980); *see* LaFave, § 21.1(e) at 220 & n. 119 (listing states).

8. Model Penal Code § 221.1, Comment at 75. The homeowner's "perception of alarm and danger, moreover, will not depend on the particular purpose of the intruder. The fact that he may be contemplating a minor offense will be no solace to those who may reasonably fear the worst and who may react with measures that may well escalate the criminal purposes of the intruder." *Id.*

9. LaFave, § 21.1(e) at 220 n. 120.

10. 56 Conn.App. 730, 745 A.2d 216 (2000).

11. 56 Conn.App. at 739, 745 A.2d at 221.

12. Conn. Gen.Stat. § 53a–167a(a) & (b) ("Interfering with an officer is a class A misdemeanor").

13. Tex. Penal Code § 38.04(a) & (b).

14. Conn. Gen Stat. § 53a–103(a) ("A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein").

to commit "a felony, theft, or an assault."[15] The defendant in *Wallace*, like appellant in this case, argued that the crime of interfering with a police officer (a.k.a. evading arrest) was complete before the moment he entered the victim's apartment. That argument was rejected by the Connecticut Court of Appeals,[16] just as it was properly rejected by the court of appeals and this Court in the present case. The issue in *Wallace* is the same as the issue in this case: What was the defendant's intent at the moment he unlawfully entered the victim's home? In both cases the intent was the same: to hide from or evade arrest by pursuing police. In Connecticut, however, the intent to commit *any* crime after entry of the house suffices—even a misdemeanor. In Texas, only the intent to commit a felony (or any theft or assault) suffices—not misdemeanor evading arrest. Thus, the two cases must be resolved differently because the two burglary statutes are drafted differently.

In sum, I do not think that there was legally sufficient evidence to prove that, at the moment appellant broke into Barbara Waldrip's woodshed, he had the intent to commit, after his entry, the felony offense of evading arrest by using a vehicle. Therefore, I respectfully dissent.

15. TEX. PENAL CODE § 30.02(a)(1).

16. The Connecticut court of appeals stated:
   The defendant claims that in the present situation, an individual has completed all of the elements of interfering before attempting the unlawful entry and has no intent to commit a separate offense within the building entered. Thus, the defendant claims, a person who has committed all of the acts necessary to establish the offense prior to the unlawful entry does not, as a matter of law, enter with the intent to commit the crime therein. We are unpersuaded.
   . . .

We conclude that the jury could logically infer that the defendant was attempting to avoid being discovered by the police when he ran through various backyards, hid in the bathtub of Xie's apartment and attempted to break into homes. The unlawful entry into the apartment at 502 Orange Street and the attempted entry into the other residences, coupled with the intent to interfere with the police officers searching for him, supports the convictions of burglary and attempted burglary as found by the jury. 56 Conn.App. at 736 & 740, 745 A.2d at 220 & 222.