Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★  ★ ★ ★

# OPINION

No. 04-08-00633-CR

Joe Don **BAILEY**,
Appellant

v.

**STATE** of Texas,
Appellee

From the County Court, Bandera County, Texas
Trial Court No. 07-00665
Honorable Richard A. Evans, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: October 28, 2009

REVERSED; JUDGMENT OF ACQUITTAL RENDERED

Appellant, Joe Don Bailey, appeals his conviction for obstructing a highway. Bailey complains the evidence is legally and factually insufficient to support a finding he intentionally, knowingly, or recklessly obstructed the roadway. We reverse the judgment of the trial court and render a judgment of acquittal.

## BACKGROUND

At approximately 1:45 a.m. on November 23, 2007, Bailey had a single-vehicle accident while driving his three-quarter ton Dodge crew cab truck on Bear Springs Road in Bandera County, Texas. After the accident, Bailey's truck was lying on its side, straddling the road, and partially blocking both lanes of travel. Bailey immediately called a friend, William Wyman III, and told him about the accident. Wyman drove to the accident scene. Wyman then called his sister Rachael and she and her friend Jerald Alex Donaldson went to the scene. Donaldson testified he never saw Bailey at the accident site. Wyman returned to Rachael's house, and Donaldson called Frank Roller, a friend who operated a tow truck, to come remove Bailey's truck from the road.

When Roller arrived with his wrecker at approximately 3:30 a.m., Bailey was not present, but Donaldson was still there. Using his tow truck, Roller righted Bailey's truck and moved it to the side of the road. About this time, Bandera County deputy sheriffs arrived and began an investigation. Collectively, the deputies testified they were concerned whether the driver of the truck had been injured and wanted to locate him. The deputies described the people at the scene as somewhat uncooperative, and testified they told the deputies that the driver was uninjured.

Several witnesses testified Bailey's truck created a hazardous condition on the road. Witnesses described the road as a two-lane, unlit, small, winding, and dangerous road, and that a person could not see the truck until nearly "on top" of it. The deputies identified Bailey as the owner of the truck through insurance papers found in the vehicle.

Bailey was subsequently charged with obstructing a highway. *See* TEX. PENAL CODE ANN. § 42.03 (Vernon 2003). The jury found him guilty and the trial judge imposed a sentence of a $1,000

fine and 180 days in jail. The jail sentence was suspended and Bailey was placed on probation for six months. Bailey complains the evidence is legally and factually insufficient to support a finding he intentionally, knowingly, or recklessly obstructed the roadway.

## STANDARD OF REVIEW

We review the evidence for legal sufficiency by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). In a factual sufficiency review, we view the evidence in a neutral light and ask whether the evidence supporting the verdict is so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust. *Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). We cannot hold the evidence factually insufficient merely because there are "reasonably equal competing theories of causation." *Steadman v. State*, 280 S.W.3d 242, 247 (Tex. Crim. App. 2009) (quoting *Goodman v. State*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001)).

## DISCUSSION

Bailey was charged with obstructing a highway pursuant to section 42.03 of the Texas Penal Code. The information filed in this case tracked the language of section 42.03, which provides in part:

> (a) A person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly:
>
> > (1) obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial

> group of the public has access, or any other place used for the passage of persons, vehicles, or conveyances, regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from his acts and the acts of others[.]

> \*    \*    \*

> (b) For purposes of this section, "obstruct" means to render impassable or to render passage unreasonably inconvenient or hazardous.

TEX. PENAL CODE ANN. § 42.03 (Vernon 2003).

The parties disagree on the mental state or *mens rea* required by the statute. Bailey contends the State was required to prove he acted intentionally, knowingly, or recklessly at the time his truck blocked the roadway. The State contends Bailey acted "recklessly," thereby supplying the requisite *mens rea*, when he left the vehicle in the roadway without either removing the truck or taking precautions to warn motorists the road was blocked.

We must consider the nature of the crime in order to apply the *mens rea* requirement of section 42.03. Texas law generally classifies a crime as either result-oriented (e.g., injury to a child,[1] murder[2]), conduct-oriented (e.g. credit card abuse,[3] aggravated sexual assault[4]), or nature of the circumstances-oriented (unauthorized use of motor vehicle[5]). *See Huffman v. State*, 267 S.W.3d 902, 905-09 (Tex. Crim. App. 2008). The parties have not cited nor have we found any Texas case that has considered the nature of the crime of obstructing a highway. Based on a plain reading of

---

[1] *Jefferson v. State*, 189 S.W.3d 305, 312-14 (Tex. Crim. App.), *cert. denied*, 549 U.S. 957 (2006).

[2] *Lugo-Lugo v. State*, 650 S.W.2d 72, 80-81 (Tex. Crim. App. 1983).

[3] *Huffman v. State*, 267 S.W.3d 902, 906 (Tex. Crim. App. 2008).

[4] *Vick v. State*, 991 S.W.2d 830, 832-33 (Tex. Crim. App. 1999).

[5] *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989).

the statute, we conclude obstructing a highway is a conduct-oriented crime, i.e. a person must engage in the conduct with the requisite mental state. Accordingly, the State was required to show Bailey intentionally, knowingly, or recklessly engaged in the act or acts that caused his truck to obstruct the highway. Contrary to the State's argument, it would not be an offense if Bailey formed the "intent" to obstruct the highway at a later time because generally, the *mens rea* must exist at the time the act is performed. *See, e.g., Cook v. State*, 884 S.W.2d 485, 487 (Tex. Crim. App. 1994) (holding "in order to constitute a crime, the act or *actus reus* must be accompanied by a criminal mind or *mens rea*"); *Hobbs v. State*, 175 S.W.3d 777, 782 n.3 (Tex. Crim. App. 2005) (holding "intent to commit the felony or crime of theft, essentially necessary to constitute the crime of burglary, must exist at the time of and accompany the entry into the house"); *Peterson v. State*, 645 S.W.2d 807, 811 (Tex. Crim. App. 1993)(holding that to constitute theft, intent to deprive owner must exist at time property is taken).

There is no evidence to support the jury's determination Bailey intentionally, knowingly, or recklessly obstructed the road. The State consistently referred to Bailey's wreck as an accident and nothing in the record contradicts that characterization. There is no evidence upon which a rational jury could have found all the essential elements of the offense beyond a reasonable doubt. The evidence is therefore legally insufficient to support the trial court's judgment.

## CONCLUSION

The judgment of the trial court is reversed and we order the entry of a judgment of acquittal.

Steven C. Hilbig, Justice

PUBLISH