MARY'S OPINION HEADING 








NOS. 12-09-00110-CR

         
12-09-00111-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

NORMAN KYLE
TERRY,                           §                      APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                    §                      COUNTY
COURT AT LAW

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

Norman
Terry appeals from two convictions for evading arrest.  In two issues,
Appellant argues that he is being impermissibly punished twice for a single
criminal offense and that his trial counsel rendered ineffective assistance of
counsel because he did not seek to quash one of the indictments on double
jeopardy grounds.  We affirm.  

 

Background

A
Smith County grand jury returned two indictments against Appellant alleging, in
each case, that he committed the offense of evading arrest.  The indictments
are almost identical.  Both allege that Appellant fled from a peace officer,
that he did so on February 8, 2007, and that he did so while using or
exhibiting a deadly weapon, a motor vehicle.  In one indictment, the grand jury
alleged that Appellant fled from Darrell Robertson.  In the other indictment,
the grand jury alleged that Appellant fled from Allan Crosby.[1] 
As alleged by the grand jury, the offenses are both felonies.[2] 


Without
the benefit of a plea agreement, Appellant pleaded guilty to both evading
arrest indictments.  He also admitted, as alleged in the indictment, that he
had a prior felony conviction.  At the same time he pleaded guilty to two other
offenses: a leaving the scene of the accident offense and a burglary offense. 
The court accepted his pleas and assessed punishment in the evading arrest
cases at imprisonment for eighteen years and a fine of $2,000 in each case. 
Because the cases were prosecuted in a single criminal action, the sentences
will be served concurrently.[3]  This appeal followed.

 

Double Jeopardy

In
his first and second issues, Appellant argues that indictment and sentencing
for the two evading arrest offenses violated the constitutional protection
against double jeopardy.  Accordingly, he argues that one conviction should be
set aside on the ground that it is a successive punishment or on the grounds
that his counsel was ineffective for not seeking to quash one of the
indictments.  Appellant did not raise double jeopardy in the trial court.

Applicable
Law–Double Jeopardy

The
Double Jeopardy Clause of the Fifth Amendment to the United States Constitution
provides that a person shall not be “subject for the same offence to be twice
put in jeopardy of life or limb.”  See U.S. Const. amend. V.  This provision is applicable to the states
through the Fourteenth Amendment, and it protects an accused against a second
prosecution for the same offense for which he has been previously acquitted or
previously convicted and from being punished more than once for the same
offense.  See Brown v. Ohio, 432 U.S. 161, 164–65, 97 S. Ct.
2221, 2224–25, 53 L. Ed. 2d 187 (1977).  The Texas Constitution likewise
provides that no person “for the same offense, shall be twice put in jeopardy
of life or liberty, nor shall a person be again put upon trial for the same
offense, after a verdict of not guilty in a court of competent jurisdiction.” Tex. Const.
art I, § 14.  These two provisions protect the same rights.  Phillips v.
State, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990).

Because
the legislature is free to determine what penalties should attach to criminal
conduct, whether two offenses are the same offense for purposes of a double
jeopardy analysis is a matter of legislative intent. See Littrell v.
State, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008) (citing Missouri
v. Hunter, 459 U.S. 359, 368, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983); Ex
parte Kopecky, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992)).  When
evaluating whether a double jeopardy violation has occurred, the core question
is whether the state has exceeded the number of allowable units of prosecution
the legislature intended for a given set of conduct.  See Lopez v. State,
108 S.W.3d 293, 296 (Tex. Crim. App. 2003) (citing Blockburger v. United
States, 284 U.S. 299, 302, 52 S. Ct. 180, 76 L. Ed. 306 (1932)).

With
respect to evading arrest, the court of criminal appeals has held that evading
arrest is a continuing offense, continuing at least until the police end their
pursuit.  Hobbs v. State, 175 S.W.3d 777, 780 (Tex. Crim. App.
2005).  Accordingly, each act of fleeing, from inception to the termination of
the flight or of the pursuit, represents one allowable unit of prosecution.  Id.
at 779.

Analysis–Double
Jeopardy

A
double jeopardy violation may be raised for the first time on appeal if “the
undisputed facts show a double jeopardy violation that is clearly apparent on
the face of the record and enforcement of the usual rules of procedural default
serves no legitimate state interest.”  See Gonzalez v. State, 8
S.W.3d 640, 643 (Tex. Crim. App. 2000).  In the case at hand, the State does
not dispute that, in light of the decision in Hobbs, a single
course of fleeing from the authorities can yield only one conviction for
evading arrest.  Instead, the State argues that it is not clear from the record
that there was only a single act or course of flight, and so there is not a
double jeopardy violation that is clearly apparent from the face of the record.[4] 
We agree.

If
an offense terminates when the police give up their chase, see Hobbs,
175 S.W.3d at 780, then it is certainly possible that a person could flee from
the police on more than one occasion on a given day.  The only specific
evidence about the actual offense or offenses Appellant committed is his
testimony describing an incident of his fleeing from the police.  The
stipulations signed by Appellant in this case merely track the language of the
indictments and do not shed any light on the question of whether the
indictments describe one chase or two.  In his testimony, Appellant did not
provide a comprehensive description of the event.  It does appear that he is
describing a single and lengthy flight from the police.[5] 
But Appellant’s description, and the record generally, does not clearly show
that there was only one flight from the police that day, nor was Appellant
trying to prove that point at the sentencing hearing.  

After
reviewing the entire record, we hold that there is not a double jeopardy
violation that is clearly apparent on the face of the record.  Appellant’s
description of his flight appears to be describing only one incident, but it is
not apparent from the face of the record that there was only one incident.  He
did not assert in the trial court that there was just a single incident, and it
is equally possible that the incident he describes was two offenses–because the
police ended their pursuit at one point–or that there is another independent
offense that he does not address in his testimony.  Accordingly, because it is
not plain from the face of the record that there was but one offense, we
overrule Appellant’s first issue.

Ineffective
Assistance of Counsel   

In
his second issue, Appellant argues that his attorney did not render effective
assistance of counsel because he did not move to quash[6]
one of the indictments alleging evading arrest on double jeopardy grounds.  We
disagree.

As
part of the Sixth Amendment’s guarantee of a right to a fair trial, a defendant
in a criminal case is entitled to the effective assistance of counsel.  See
Cuyler v. Sullivan, 446 U.S. 335, 343–44, 100 S. Ct. 1708,
1715–16, 64 L. Ed. 2d 333 (1980); see also Gideon v. Wainwright,
372 U.S. 335, 339–40, 83 S. Ct. 792, 794, 9 L. Ed. 2d 799 (1963) (right to
counsel is necessary to protect fundamental right to fair trial).  The Supreme
Court has established a two pronged test for determining ineffective assistance
of counsel.  See Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  Texas has adopted the Strickland
test.  See Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986). 

To
establish ineffective assistance of counsel, an appellant must first show
counsel’s performance was deficient to the extent that it fell below an
objective standard of reasonableness under prevailing professional norms.  See
Strickland, 466 U.S. at 687–88, 104 S. Ct. at 2064–65.  Second, an
appellant must demonstrate that he was prejudiced by counsel’s errors to the
extent that the reliability of the result of the proceeding is undermined.  Id.
at 687, 104 S. Ct. at 2064.

Appellant
cannot meet either part of the Strickland test here.  We agree
that, generally speaking, it would be below prevailing professional norms for a
defense attorney to allow her client to be convicted of two offenses when only
one conviction was permissible.  However, after reviewing the record of this case,
and for the reasons described in the previous section, we cannot determine that
only one offense was committed or that a second conviction could have been
resisted on double jeopardy grounds.  Therefore, Appellant has not rebutted the
presumption of competent counsel or shown that counsel’s performance was below
a minimum objective level of reasonableness.  For the same reason, Appellant
has failed to show that he suffered prejudice.  Therefore, we overrule
Appellant’s second issue.

 

Disposition

            Having
overruled Appellant’s two issues, we affirm the judgment of the
trial court.

                                                                                                Sam Griffith

                                                                                                        
Justice

Opinion delivered March 24, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)









[1] Appellant was charged in a third
case with leaving the scene of an accident.  See Tex. Transp. Code Ann. § 550.021 (Vernon Supp.
2009).

 





[2] See Tex. Penal Code Ann. § 38.04(a),
(b)(1)(B) (Vernon Supp. 2009).  The alleged offenses are state jail felonies
because the use of a vehicle is alleged.  See Tex. Penal Code Ann. § 38.04(b)(1)(B).  The offenses carried
the punishment range of a second degree felony because it was alleged that
Appellant had a prior felony conviction and that he used or exhibited a deadly
weapon in the commission of the offense.  See Tex. Penal Code Ann. §§ 12.35(c), 12.42(a)(3) (Vernon
Supp. 2009).

 





[3] See Tex. Penal Code Ann. § 3.03 (Vernon
Supp. 2009).  Each repetition of the same offense, even if not part of the same
transaction, is part of the same episode for the purpose of determining whether
the sentences may be
cumulated.  See Tex. Penal Code
Ann. § 3.01(2) (Vernon 2003) (repeated commissions of the same
or similar offenses are part of same “criminal episode”).

 





[4] The State argues that “. . . it
is possible to complete numerous separate offenses of evading arrest within a
span of one day as a person may evade from different officers in different
episodes.”  We do not rely on the implied factual assertion that this is what
happened here.  Because Appellant has access to other postconviction remedies
and also because of the prosecutor’s duty to do justice, we assume that the
State’s representation is not merely hypothetical.  See Tex. Code Crim. Proc. Ann. art. 2.01 (Vernon 2005). 

 





[5] In the longest passage
describing the chase, Appellant testified as follows:

 

And I was going up 271 and I saw
a police officer heading south.  And I was heading north.  And he saw me,
visually saw me.  I could tell he saw me.  And he hit the lights.  And I was
already going north, so I just took off.  And I lost him.  And I apparently
know the officers, you know, radioed in and everybody in the police car, you
know, heard the radio transmission. And they kind of had me boxed in. I’d get
away from one and there was another one.  I hit another vehicle - - I don’t
remember exactly the location - - and kept going.  And then I tried to pull off
the road and I rolled the car and almost killed myself.





[6] Even if the two offenses were the same offense, it
is not clear that a double jeopardy claim would have been ripe until Appellant
had been convicted of one of the offenses.  See Whitehead v. State,
162 Tex. Crim. 507, 286 S.W.2d 947, 948 (Tex. Crim. App. 1956) (“[P]endency of
one indictment does not prevent the grand jury from returning subsequent
indictments charging the same transaction.”).