# NOS. 12-09-00110-CR
# 12-09-00111-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NORMAN KYLE TERRY,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Norman Terry appeals from two convictions for evading arrest. In two issues, Appellant argues that he is being impermissibly punished twice for a single criminal offense and that his trial counsel rendered ineffective assistance of counsel because he did not seek to quash one of the indictments on double jeopardy grounds. We affirm.

### BACKGROUND

A Smith County grand jury returned two indictments against Appellant alleging, in each case, that he committed the offense of evading arrest. The indictments are almost identical. Both allege that Appellant fled from a peace officer, that he did so on February 8, 2007, and that he did so while using or exhibiting a deadly weapon, a motor vehicle. In one indictment, the grand jury alleged that Appellant fled from Darrell Robertson. In the other indictment, the grand jury alleged that Appellant fled from Allan Crosby.[1] As alleged by the grand jury, the offenses are both

---

[1] Appellant was charged in a third case with leaving the scene of an accident. *See* TEX. TRANSP. CODE ANN. § 550.021 (Vernon Supp. 2009).

felonies.[2]

Without the benefit of a plea agreement, Appellant pleaded guilty to both evading arrest indictments. He also admitted, as alleged in the indictment, that he had a prior felony conviction. At the same time he pleaded guilty to two other offenses: a leaving the scene of the accident offense and a burglary offense. The court accepted his pleas and assessed punishment in the evading arrest cases at imprisonment for eighteen years and a fine of $2,000 in each case. Because the cases were prosecuted in a single criminal action, the sentences will be served concurrently.[3] This appeal followed.

### DOUBLE JEOPARDY

In his first and second issues, Appellant argues that indictment and sentencing for the two evading arrest offenses violated the constitutional protection against double jeopardy. Accordingly, he argues that one conviction should be set aside on the ground that it is a successive punishment or on the grounds that his counsel was ineffective for not seeking to quash one of the indictments. Appellant did not raise double jeopardy in the trial court.

**Applicable Law–Double Jeopardy**

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that a person shall not be "subject for the same offence to be twice put in jeopardy of life or limb." *See* U.S. CONST. amend. V. This provision is applicable to the states through the Fourteenth Amendment, and it protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted and from being punished more than once for the same offense. *See* ***Brown v. Ohio***, 432 U.S. 161, 164–65, 97 S. Ct. 2221, 2224–25, 53 L. Ed. 2d 187 (1977). The Texas Constitution likewise provides that no

---

[2] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (Vernon Supp. 2009). The alleged offenses are state jail felonies because the use of a vehicle is alleged. *See* TEX. PENAL CODE ANN. § 38.04(b)(1)(B). The offenses carried the punishment range of a second degree felony because it was alleged that Appellant had a prior felony conviction and that he used or exhibited a deadly weapon in the commission of the offense. *See* TEX. PENAL CODE ANN. §§ 12.35(c), 12.42(a)(3) (Vernon Supp. 2009).

[3] *See* TEX. PENAL CODE ANN. § 3.03 (Vernon Supp. 2009). Each repetition of the same offense, even if not part of the same transaction, is part of the same episode for the purpose of determining whether the sentences may be cumulated. *See* TEX. PENAL CODE ANN. § 3.01(2) (Vernon 2003) (repeated commissions of the same or similar offenses are part of same "criminal episode").

person "for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art I, § 14. These two provisions protect the same rights. *Phillips v. State*, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990).

Because the legislature is free to determine what penalties should attach to criminal conduct, whether two offenses are the same offense for purposes of a double jeopardy analysis is a matter of legislative intent. *See Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008) (citing *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983); *Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992)). When evaluating whether a double jeopardy violation has occurred, the core question is whether the state has exceeded the number of allowable units of prosecution the legislature intended for a given set of conduct. *See Lopez v. State*, 108 S.W.3d 293, 296 (Tex. Crim. App. 2003) (citing *Blockburger v. United States*, 284 U.S. 299, 302, 52 S. Ct. 180, 76 L. Ed. 306 (1932)).

With respect to evading arrest, the court of criminal appeals has held that evading arrest is a continuing offense, continuing at least until the police end their pursuit. *Hobbs v. State*, 175 S.W.3d 777, 780 (Tex. Crim. App. 2005). Accordingly, each act of fleeing, from inception to the termination of the flight or of the pursuit, represents one allowable unit of prosecution. *Id.* at 779.

**Analysis–Double Jeopardy**

A double jeopardy violation may be raised for the first time on appeal if "the undisputed facts show a double jeopardy violation that is clearly apparent on the face of the record and enforcement of the usual rules of procedural default serves no legitimate state interest." *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). In the case at hand, the State does not dispute that, in light of the decision in *Hobbs*, a single course of fleeing from the authorities can yield only one conviction for evading arrest. Instead, the State argues that it is not clear from the record that there was only a single act or course of flight, and so there is not a double jeopardy violation that is clearly apparent from the face of the record.[4] We agree.

---

[4] The State argues that ". . . it is possible to complete numerous separate offenses of evading arrest within a span of one day as a person may evade from different officers in different episodes." We do not rely on the implied factual assertion that this is what happened here. Because Appellant has access to other postconviction remedies and also because of the prosecutor's duty to do justice, we assume that the State's representation is not merely hypothetical. *See* TEX. CODE CRIM. PROC. ANN. art. 2.01 (Vernon 2005).

If an offense terminates when the police give up their chase, *see* **Hobbs**, 175 S.W.3d at 780, then it is certainly possible that a person could flee from the police on more than one occasion on a given day.  The only specific evidence about the actual offense or offenses Appellant committed is his testimony describing an incident of his fleeing from the police.  The stipulations signed by Appellant in this case merely track the language of the indictments and do not shed any light on the question of whether the indictments describe one chase or two.  In his testimony, Appellant did not provide a comprehensive description of the event.  It does appear that he is describing a single and lengthy flight from the police.[5]  But Appellant's description, and the record generally, does not clearly show that there was only one flight from the police that day, nor was Appellant trying to prove that point at the sentencing hearing.

After reviewing the entire record, we hold that there is not a double jeopardy violation that is clearly apparent on the face of the record.  Appellant's description of his flight appears to be describing only one incident, but it is not apparent from the face of the record that there was only one incident.  He did not assert in the trial court that there was just a single incident, and it is equally possible that the incident he describes was two offenses–because the police ended their pursuit at one point–or that there is another independent offense that he does not address in his testimony.  Accordingly, because it is not plain from the face of the record that there was but one offense, we overrule Appellant's first issue.

**Ineffective Assistance of Counsel**

In his second issue, Appellant argues that his attorney did not render effective assistance of counsel because he did not move to quash[6] one of the indictments alleging evading arrest on double jeopardy grounds.  We disagree.

---

[5] In the longest passage describing the chase, Appellant testified as follows:

> And I was going up 271 and I saw a police officer heading south.  And I was heading north.  And he saw me, visually saw me.  I could tell he saw me.  And he hit the lights.  And I was already going north, so I just took off.  And I lost him.  And I apparently know the officers, you know, radioed in and everybody in the police car, you know, heard the radio transmission. And they kind of had me boxed in.  I'd get away from one and there was another one.  I hit another vehicle - - I don't remember exactly the location - - and kept going.  And then I tried to pull off the road and I rolled the car and almost killed myself.

[6] Even if the two offenses were the same offense, it is not clear that a double jeopardy claim would have been ripe until Appellant had been convicted of one of the offenses.  *See* **Whitehead v. State**, 162 Tex. Crim. 507, 286

4

As part of the Sixth Amendment's guarantee of a right to a fair trial, a defendant in a criminal case is entitled to the effective assistance of counsel. *See Cuyler v. Sullivan*, 446 U.S. 335, 343–44, 100 S. Ct. 1708, 1715–16, 64 L. Ed. 2d 333 (1980); *see also Gideon v. Wainwright*, 372 U.S. 335, 339–40, 83 S. Ct. 792, 794, 9 L. Ed. 2d 799 (1963) (right to counsel is necessary to protect fundamental right to fair trial). The Supreme Court has established a two pronged test for determining ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Texas has adopted the *Strickland* test. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

To establish ineffective assistance of counsel, an appellant must first show counsel's performance was deficient to the extent that it fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. Second, an appellant must demonstrate that he was prejudiced by counsel's errors to the extent that the reliability of the result of the proceeding is undermined. *Id.* at 687, 104 S. Ct. at 2064.

Appellant cannot meet either part of the *Strickland* test here. We agree that, generally speaking, it would be below prevailing professional norms for a defense attorney to allow her client to be convicted of two offenses when only one conviction was permissible. However, after reviewing the record of this case, and for the reasons described in the previous section, we cannot determine that only one offense was committed or that a second conviction could have been resisted on double jeopardy grounds. Therefore, Appellant has not rebutted the presumption of competent counsel or shown that counsel's performance was below a minimum objective level of reasonableness. For the same reason, Appellant has failed to show that he suffered prejudice. Therefore, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered March 24, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(DO NOT PUBLISH)

---

S.W.2d 947, 948 (Tex. Crim. App. 1956) ("[P]endency of one indictment does not prevent the grand jury from returning subsequent indictments charging the same transaction.").