

# NUMBER 13-20-00560-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**LARRY PRIEST,**                                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

---

### On appeal from the 24th District Court
### of DeWitt County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Larry Priest challenges his convictions for two counts of deadly conduct[1]

and two counts of evading arrest with a vehicle. *See* TEX. PENAL CODE ANN. §§ 22.05,

---

[1] As noted in footnote 5 of this memorandum opinion, appellant Larry Priest waived his double-jeopardy challenge on his conviction for two counts of deadly conduct for inadequate briefing. *See* TEX. R. APP. P. 38.1.

38.04. The trial court sentenced him to 365 days confinement in the county jail on the conviction for two counts of deadly conduct and ten years in the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ) for two counts of evading arrest with a vehicle. By one issue, which we construe as two, appellant contends that: (1) his double-jeopary violation may be raised for the first time on appeal because it is apparent from the face of the record that his conviction and sentence for two counts of evading arrest violates his double-jeopardy protections against multiple punishments; and (2) this Court should vacate his conviction and sentence for one count of evading arrest. *See* U.S. CONST. amend. V. We affirm.

## I.    BACKGROUND

Appellant was charged in a multi-count indictment with two counts of aggravated assault with a deadly weapon against a public servant (counts 1 and 3), namely, Deputy James Cockroft and Trooper Danny Zaro, and two counts of evading arrest/detention with a vehicle (counts 2 and 4) against the same peace officers "[o]n or about [July 15, 2019]." *See* TEX. PENAL CODE ANN. §§ 22.02, 38.04. Appellant pleaded not guilty to all counts. A jury trial was held in October 2020.

### A.    Appellant's Flight[2]

A summary of the facts pertinent to appellant's flight are derived from the testimony and evidence presented at the jury trial held in October 2020.

---

[2] As noted within the body of this memorandum opinion, we summarize the pertinent facts because as explained herein appellant was also indicted on two counts of aggravated assault (counts 1 and 3) to which he was convicted of a lesser-included offense of deadly conduct on each count. The two counts of aggravated assault, counts 1 and 3, were tried at some length during the trial but are not pertinent for this appeal. Although appellant challenged all four counts on double-jeopardy grounds, he waived his challenge on counts 1 and 3 because they were inadequately briefed—this is noted in footnotes 1 and 5. *See* TEX. R. APP. P. 38.1. Additionally, some of the evidence presented at trial was cumulative and will not be repeated. *See* TEX. R. APP. P. 47.1.

Late in the evening on July 15, 2019, appellant's nephew called 9-1-1 and requested for police to check on the well-being of appellant. He informed the dispatcher that he believed the appellant was suicidal, as well as armed and dangerous. Two peace officers, Deputy Cockroft, with the DeWitt County Sheriff's Office, and Trooper Zaro, with the Texas Department of Public Safety, arrived at the scene, the appellant's mother's house, where they observed appellant's vehicle "[s]itting [in a circular driveway running] with its lights on." During the officers' approach of the vehicle on foot, appellant fled in his vehicle. After returning to their vehicles, the officers initially gave chase but were unable to locate appellant.

Upon their return to the original scene, the police discovered a broken fence leading out to a pasture where appellant's abandoned vehicle was located "[s]tuck in the brush between a couple of trees and then . . . nose down in the creek." Police searched for appellant in the pasture, including at some point conducting a search of the area through the use of unmanned drones and an airplane to scan the area for thermal imaging. However, the police were unsuccessful. A few hours after his arrival on scene, Trooper Zaro was dispatched elsewhere, and he had no further involvement after his departure. Deputy Cockroft, however, left the scene at or close to daylight the next day, July 16, 2019. Later that same day at approximately 7:00 p.m., appellant was seen by a physician for an injury sustained to his arm in an unrelated previous accident. According to the physician appellant told her the following during his examination:

> [A]t some point he woke up in a field and walked over to his mother's house to borrow a vehicle. He then drove off with the vehicle which was quickly reported [missing].[3] A police chase ensued. He drove through two fences,

---

[3] We note that whether appellant's alleged use of the vehicle located at his mother's house was with or without consent is not before us, and we express no opinion on such issue.

[and he] said that he managed to get away without any injuries at the time[.]

We note that the exact circumstances surrounding appellant's eventual arrest were not made clear at trial. However, it is undisputed that he was eventually apprehended, which was made clear through the State's introduction of a recorded phone call of appellant while he was incarcerated.[4]

## B.     Verdict

The jury found appellant not guilty as to counts 1 and 3 but guilty of the lesser-included offense of deadly conduct as to both counts. *See id*. § 22.05(a). The jury also found appellant guilty of counts 2 and 4. *See id.* § 38.04. As stated above, the trial court assessed punishment at 365 days' confinement in the county jail on counts 1 and 3 and ten years in the TDCJ on counts 2 and 4, with the sentences to run concurrently. This appeal followed. *See* TEX. R. APP. P. 25.2.

## II.     DOUBLE JEOPARDY

By his first issue, appellant contends that his double-jeopary violation may be raised for the first time on appeal because it is apparent from the face of the record that his conviction and sentence for two counts of evading arrest violates his double-jeopardy protections against multiple punishments. Appellant did not raise a double-jeopardy claim in the trial court.

---

[4] Based on review of the medical records in the clerk's record it appears appellant was in custody by at least July 16, 2019. Specifically, the date of service in the Cuero Regional Hospital medical records is July 16, 2019, and in a narrative within the records, it is noted that a sheriff's deputy was present. Additionally, the medical records from the De Tar Hospital reflect that appellant was transported to the hospital in handcuffs. Nevertheless, as discussed in this memorandum opinion, this does not alter our decision.

**A.     Standard of Review and Applicable Law**

The Fifth Amendment provides that "[n]o person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This provision is applicable to the states through the fourteenth amendment. U.S. CONST. amend. XIV. The United States Supreme Court has concluded that the Fifth Amendment offers three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *See Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006) (citations omitted); *see also In re D.X.S.*, No. 13-12-00446-CV, 2013 WL 5522722, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 3, 2013, pet. denied) (mem. op., not designated for publication). "[A] defendant suffers multiple punishments in violation of the Double Jeopardy Clause when he is convicted of more offenses than the legislature intended." *Ex parte Cavazos*, 203 S.W.3d at 336 (quoting *Ervin v. State*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999)).

The legislature determines whether offenses are the same for double-jeopardy purposes by defining the "allowable unit of prosecution." *Id.* (quoting *Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999)). Additionally, the legislature decides whether a particular course of conduct involves one or more distinct offenses under a given statute. *See id.*; *see also Lara v. State*, No. 13-04-282-CR, 2007 WL 431241, at *2 (Tex. App.— Corpus Christi–Edinburg Feb. 8, 2007, no pet.) (mem. op., not designated for publication) ("Whether a particular statute involves one or more offenses depends on the legislature's intent and not on the principle of double jeopardy.").

5

We look to the gravamen of the offense when the statute is silent on the allowable unit of prosecution. *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010). The gravamen of "evading arrest" is the evasion of an arrest, as opposed to evasion of an officer. *See Rodriguez v. State*, 799 S.W.2d 301, 302–03 (Tex. Crim. App. 1990); *see also In re D.X.S.*, 2013 WL 5522722, at *4; *Arambula v. State*, No. 04-14-00669-CR, 2015 WL 5438969, at *2 (Tex. App.—San Antonio Sept. 16, 2015, no pet.) (mem. op., not designated for publication).

A double-jeopardy violation may be raised for the first time on appeal "[w]hen the undisputed facts show the double[-]jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *see also Timmons v. State*, No. 13-15-00505-CR, 2017 WL 1549226, at *6 n.3 (Tex. App.—Corpus Christi–Edinburg Apr. 27, 2017, no pet.) (mem. op., not designated for publication) (overruling appellant's double-jeopardy violation after assuming the issue could be raised for the first time on appeal); *Terry v. State*, No. 12-09-00110-CR, 2010 WL 1076271, at *2 (Tex. App.—Tyler Mar. 24, 2010, pet. ref'd) (mem. op., not designated for publication) (overruling appellant's double-jeopardy violation because it was not plain from the face of the record that there was but one offense). "A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim." *Ex Parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013).

## B.    Analysis

Appellant specifically argues that his double-jeopardy claim may be raised for the

first time on appeal because the face of the record reveals that he was charged in the same indictment for evading arrest of both peace officers, the statute implicated is the same, both counts were tried at the same time, and the date of the incident is alleged to have been on the same day. Additionally, he asserts the trial court either knew or should have known of the double-jeopardy problem from the indictments and evidence at trial, and enforcement of the procedural rules serves no legitimate state purpose. Further, appellant asserts that his alleged act of fleeing constitutes a single charge of evading because the officers were cooperating on the same call and at the same time. As discussed below, we disagree.

Here, after our review of the record we hold that there is not a double-jeopardy violation because it is unclear whether the police engaged in a single pursuit of appellant "[o]n or about July 15, 2019." *cf. In re D.X.S.*, 2013 WL 5522722, at *4 (sustaining appellant's double jeopardy violation for appellant's evasion on foot after explaining that "[t]he record is clear that though both of these peace officers pursued appellant, the incident involved a single pursuit and arrest"). On the one hand, the physician's account of the pursuit refers to a chase ensuing after appellant drove off with a vehicle that was reported missing from his mother's house. While on the other hand, the officers' account of the pursuit refers to chase ensuing after appellant drove off in a vehicle after the officers approached the vehicle to check on appellant's well-being. Stated another way, it is possible that the police had terminated their initial pursuit of appellant in the morning hours of July 16, 2019, prior to their commencement of another chase that is, at a minimum, alluded to by the appellant during the physician's examination of him on the evening of July 16, 2019. *See Hobbs*, 175 S.W.3d at 780–81; *see also Terry*, 2010 WL

1076271, at *2 (explaining that it is "[e]qually possible that the incident [appellant] describes was two offenses-because the police ended their pursuit at one point[ ]").

Additionally, although appellant directs us to the indictment, the charge of the court, the judgment on both counts, and the trial court's imposition of punishment in support of his argument that the violation is clearly apparent on the face of the record, none of these references to the record reveal the scope of the police pursuit to allow us deduce therefrom whether there is a clear double-jeopardy violation. *See Hobbs v. State*, 175 S.W.3d 777, 780–81 (Tex. Crim. App. 2005); *see also Terry*, 2010 WL 1076271, at *2 ("[T]he court of criminal appeals has held that evading arrest is a continuing offense, continuing at least until the police end their pursuit. Accordingly, each act of fleeing, from inception to the termination of the flight or of the pursuit, represents one allowable unit of prosecution.") (internal citation omitted). Instead, without a comprehensive description of the evasion incident—from its inception to its eventual termination—we are only left to speculate on whether there is a double jeopardy violation. *See* TEX. PENAL CODE ANN. § 38.04; *see also Terry*, 2010 WL 1076271, at *2 (holding that there is not a double-jeopardy violation that is clearly apparent on the face of the record after reasoning in part that appellant did not provide a comprehensive description of the event). Accordingly, we conclude that appellant has not met his burden on appeal, and we overrule appellant's first issue. *See Gonzalez*, 8 S.W.3d at 645 (concluding that appellant did not sustain his appellate burden of presenting a record showing on its face any multiple punishments violation); *Ex Parte Denton*, 399 S.W.3d at 547. Because this decision is dispositive, we do not reach appellant's remaining issue. TEX. R. APP. P. 47.1.[5]

---

[5] Appellant also states in his briefing that he is appealing his convictions for "[t]wo counts of 'deadly

8

### III.    Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
23rd day of June, 2022.

---

conduct,'" *i.e.*, counts 1 and 3," but he fails to brief this assertion, and thus he has waived it. *See* TEX. R. APP. P. 38.1.