EX PARTE Christopher ESTRADA, Applicant

NO. WR–83,646–01

Court of Criminal Appeals of Texas.

Filed: April 13, 2016

*CONCURRING OPINION*

ALCALA, J., filed a concurring opinion.

I concur in this Court's judgment that grants relief to Christopher Estrada, ap-

plicant, in accordance with the habeas court's recommendation that the record establishes a double-jeopardy violation. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim.App.2000). Applicant, however, has also pleaded ineffective assistance of trial counsel based on counsel's failure to raise a double-jeopardy complaint in the trial court, but the habeas court did not make findings of fact and conclusions of law addressing that claim. I observe that, even if the dissenting opinion were correct that applicant may have forfeited his double-jeopardy claim by failing to raise it at some earlier juncture, in that event, the proper course would be to remand this case to the habeas court for it to appoint counsel so that this *pro se* applicant may pursue his ineffective-assistance claim based on trial counsel's failure to object on double-jeopardy grounds in the trial court. *See Ex parte Garcia*, No. WR–83,681–01, 486 S.W.3d 565, 570–71, 578, 2016 WL 1358947, op. at 8, 21 (Tex.Crim.App. Apr. 6, 2016) (Alcala, J., dissenting) (observing that appointment of habeas counsel for *pro se* applicants may be necessary "in order to ensure that defendants' substantial claims of ineffective assistance of trial counsel are afforded meaningful consideration on post-conviction review"; need for appointed counsel may arise in "any case in which either the pleadings or the face of the record gives rise to a colorable, non-frivolous claim").

The record in this case shows that applicant was arrested and received two charges for evading arrest: one as a Class A misdemeanor, and one as a third-degree felony.[1] The underlying facts showed that applicant attempted to flee from the police, first in his vehicle, and later, after abandoning the vehicle, on foot. The Class A misdemeanor charge pertained to his evading arrest on foot, whereas the third-de-

1. *See* TEX. PENAL CODE § 38.04.

gree-felony charge pertained to his evading arrest in a motor vehicle. In August 2013, applicant was found guilty of the misdemeanor charge and sentenced to time served. In December of that same year, the third-degree-felony charge went to trial. In that trial, the trial court found applicant guilty of the felony offense, and it sentenced him to five years' imprisonment. As the Court correctly concludes today, applicant's successive prosecution for the felony evading-arrest offense was barred by double jeopardy. *See Hobbs v. State,* 175 S.W.3d 777, 781 (Tex.Crim.App. 2005) (holding that defendant's conduct of abandoning his vehicle when police officer attempted to stop him and then fleeing on foot constituted one continuous offense of evading arrest); *Ex parte Herron,* 790 S.W.2d 623, 624 (Tex.Crim.App.1990) (barring successive prosecution for the same offense after conviction and multiple punishments for the same offense).

In addition to his claim alleging a double-jeopardy violation based on the successive prosecution that occurred in this case, applicant asserts that his trial counsel was constitutionally ineffective for failing to complain of the double-jeopardy issue in the trial court. His application states,

> Defendant's attorney was less than effective and violated the defendant's constitutional protected right to "receive effective assistance" of counsel by failing to offer a "double jeopardy" defense.... [The trial attorney was] either aware of the "double jeopardy" issue involving protection against two offenses that are the same and failed to advocate a defense on behalf of the defendant, or he was ineffective for his lack of knowledge of the law, which would have "prevent-

ed" the applicant from being twice convicted for the same offense under one Penal Statute. The ruling from the Texas Court of Criminal Appeals which precluded the State from convicting twice for the same [offense under Section 38.04] was handed down in Feb. 2005. The applicant was convicted in 2013. There is no justification for this attorney's failure to offer a "double jeopardy" defense and his actions, or lack thereof, cause the defendant to be convicted of a felony offense and sent to prison for a offense "barred by jeopardy."

The habeas court did not address this claim in its findings and conclusions, believing applicant to be entitled to relief on the basis of double jeopardy.[2] The record is thus not fully developed at this stage with respect to applicant's ineffective-assistance claim. Nevertheless, assuming that applicant's pleading is accurate in stating that trial counsel failed to raise a double-jeopardy complaint in the trial court, then his trial counsel was likely ineffective. As this Court has explained, a defendant demonstrates ineffective assistance under these circumstances by showing that the trial judge would have erred in overruling counsel's objection. *See, e.g., Vaughn v. State,* 931 S.W.2d 564, 566 (Tex. Crim.App.1996). Here, it appears that the trial court would have committed reversible error in overruling such an objection from counsel on double-jeopardy grounds, and thus, to the extent that counsel failed to object, he was likely ineffective.

I note here that this Court has recently struggled in determining which double-jeopardy claims, if any, should be cogniza-

---

**2.** *See* Trial Court's Findings of Fact and Conclusions of Law, at 1 (finding that "there is no necessity for an evidentiary hearing or further expansion of the record because there is ample evidence in the record to rule" on appli-

cant's double-jeopardy claim; because "the double jeopardy violation is apparent from the face of the record," relief should be granted).

ble in a post-conviction habeas proceeding. *See, e.g., Ex parte Marascio,* 471 S.W.3d 832 (Tex.Crim.App.2015) (mem.op.). The instant case demonstrates that at least some of these double-jeopardy claims raised on habeas might be more easily addressed as ineffective-assistance-of-counsel claims, particularly in situations where the double-jeopardy violation is clear from the record and established under our existing law. Under such circumstances, either trial or appellate counsel, or both, may be deemed constitutionally ineffective for failing to raise the double-jeopardy issue in an earlier proceeding. By addressing such claims on the basis of ineffective assistance of counsel, this Court might avoid difficult questions surrounding the cognizability of double-jeopardy claims on habeas and permit the granting of relief in situations in which applicants are clearly entitled to it.

In light of the foregoing considerations, I conclude that, even if this Court were to hold that applicant's double-jeopardy claim was procedurally barred, the proper course in that event would be to remand this case to the habeas court for appointment of counsel in the interests of justice so that applicant may pursue his nonfrivolous ineffective-assistance claim. *See Garcia,* No. WR–83,681–01, 486 S.W.3d at 575, 578, op. at 16, 21 (Alcala, J., dissenting). Because this Court takes the alternative and equally correct course of granting applicant relief on the merits of his double-jeopardy claim, I concur in the Court's judgment.

## DISSENTING OPINION

YEARY, J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.

By summarily granting relief to Applicant on double jeopardy grounds, this Court overlooks the fact that only scant analysis has been afforded the issue of whether such a claim can even be raised in a post-conviction application for writ of habeas corpus brought under Article 11.07 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 11.07. The more appropriate disposition of this case, it seems to me, would be to remand it to the convicting court for a response from trial counsel to Applicant's alternative claim that counsel was constitutionally ineffective for failing to preserve Applicant's double jeopardy claim at trial. That would be a better alternative, I believe, to the Court's decision today, which summarily grants relief on substantive double jeopardy grounds. The Court should at the very least undertake a more exacting analysis of why double jeopardy is actually cognizable in a post-conviction application for writ of habeas corpus—something the Court still has not yet done.

## The Tension Between *Townsend* and *Gonzalez*

In *Ex parte Townsend,* this Court attempted to narrow the scope of cognizability in the post-conviction habeas context by reaffirming "that when a defendant has an adequate remedy at law, the merits of his claim may not be reviewed on an application for a writ of habeas corpus." 137 S.W.3d 79, 81–82 (Tex.Crim.App.2004). The conclusion in *Townsend* followed from our holding in *Ex parte Banks* that "[t]he Great Writ should not be used in matters that should have been raised on appeal." *Ex parte Banks,* 769 S.W.2d 539, 540 (Tex. Crim.App.1989). But we did not intend for *Townsend* to be applied so sweepingly as to bar *all* claims from post-conviction habeas review simply because they could have been brought on appeal. This we made clear in *Ex parte Moss,* holding that a jurisdictional claim, which can be brought on appeal, is nevertheless also

cognizable even when raised for the first time in habeas. *See Ex parte Marascio* 471 S.W.3d 832, 836 (Tex.Crim.App.2015) (Keasler, J., concurring) (citing *Ex parte Moss*, 446 S.W.3d 786, 788 (Tex.Crim.App. 2014), for the proposition that "this Court held that the merits of Moss' claim could be entertained irrespective of *Townsend's* broad holding" while "[n]oting that jurisdiction is a systemic requirement that operates independent of litigants' wishes[.]"). The "operates independent of litigants' wishes" language we used in *Moss* essentially describes, I believe, the category-one rights mentioned in *Marin v. State*, 851 S.W.2d 275 (Tex.Crim.App.1993). *Moss* therefore indicates that *some* constitutional rights—specifically category-one *Marin* rights—are so important that we will entertain them on the merits in post-conviction habeas, irrespective of whether they could have been asserted on appeal. But is the right against double jeopardy one of those rights? More to the point, have we ever adequately addressed and answered that question?

In *Gonzalez v. State*, we held that double jeopardy claims could be forfeited by procedural default—simply by failing to make an objection at trial. 8 S.W.3d 640, 642 (Tex.Crim.App.2000). Because of the "fundamental" nature of double jeopardy protections, however, we created an exception: A double jeopardy claim may be raised for the first time on appeal if two conditions are met: 1) the facts show a double jeopardy violation is apparent on the face of the record; and 2) enforcement of the usual rules of procedural default serves no legitimate state interest. *Id.* at 643. This Court also mentioned, in dicta,[1] that a double jeopardy claim may also be cognizable on post-conviction habeas review so long as the same two conditions

are met. *Id.* But we have not stopped there. We later held that a successive-prosecution double jeopardy claim may be brought in post-conviction habeas even in a *subsequent* post-conviction writ application. *Ex parte Knipp* 236 S.W.3d 214 (Tex.Crim.App.2007). Then, we held that such claims would be cognizable in an original application even when an applicant failed to raise the issue at trial. *Ex parte Denton*, 399 S.W.3d 540 (Tex.Crim.App. 2013). But this Court has never placed the right against double jeopardy in any one of the *Marin* categories nor have we explained why double jeopardy claims—like jurisdictional claims under *Moss*—are of such importance as to escape the bar of *Townsend*.

In *Ex parte Marascio*, Judge Richardson's concurring opinion cited *Ex parte Knipp* and *Ex parte Denton* for the proposition that double jeopardy claims may be brought in post-conviction habeas. 471 S.W.3d 832, 843–44 (Tex.Crim.App.2015) (Richardson, J., concurring). Judge Richardson correctly noted that, in *Knipp*, this Court "unanimously held that applicant raised a meritorious double jeopardy claim in his 11.07 writ application[,]" and that, "[e]ven though such claim was first raised in a subsequent application for a writ of habeas corpus, and thus would have been procedurally barred from review under Article 11.07, Sec.4(a), we determined that such claim was cognizable, and we granted the applicant relief." *Id.* (citing *Knipp* 236 S.W.3d at 216 n. 3). Judge Richardson also accurately observed that, in *Denton*, this court held that a double jeopardy violation "could be remedied in a habeas proceeding ... even though [the applicant] failed to raise such claim in the trial court." *Id.* (citing *Denton*, 399 S.W.3d at 545).

---

1. *Gonzalez* was a case on petition for discretionary review and therefore does not have any precedential value with regard to what is cognizable in post-conviction habeas.

*Knipp* and *Denton* are indeed cases that treat double jeopardy claims as cognizable in post-conviction habeas. A further examination of those two cases, however, reveals that we have conducted surprisingly little analysis on the issue. In *Knipp*, this Court seemed to assume without analysis that "applicant raise[d] a meritorious double-jeopardy claim in a subsequent application for a writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure," by establishing "that, by a preponderance of the evidence, but for [the double-jeopardy violation] no rational juror could have found the applicant guilty beyond a reasonable doubt." 236 S.W.3d at 214, 217. *Knipp*, however, did not endeavor to explain why a double-jeopardy claim is not subject to the *Townsend* bar nor whether it is a category-one *Marin* right. *See id.* Instead, we granted post-conviction habeas corpus relief on double jeopardy grounds without a proper analysis of whether such relief is consistent with our habeas jurisprudence. I propose that we *Knipp* that problem in the bud.

*Denton* similarly failed to provide much analysis on the issue. First, the Court simply declared that "we have previously addressed such [double-jeopardy] claims via writ of habeas corpus application." 399 S.W.3d at 544 (citing *Ex parte Cavazos*, 203 S.W.3d 333 (Tex.Crim.App.2006), *Ex parte Hawkins*, 6 S.W.3d 554 (Tex.Crim.App.1999), and *Ex parte Ervin*, 991 S.W.2d 804 (Tex.Crim.App.1999)), for the proposition that this Court has previously treated double jeopardy claims as cognizable in post-conviction habeas).[2] The Court then justified the recognition of double jeopardy claims in post-conviction habeas with the conclusory statement that, "[b]e-

cause of the fundamental nature of the double-jeopardy protections, a double-jeopardy claim may be raised for the first time on appeal or on collateral attack[.]" *Id.* But, as in *Knipp*, nowhere in *Denton* does the Court discuss why such double jeopardy claims should be regarded as cognizable in post-conviction habeas proceedings when they could have been raised on appeal.

Furthermore, there appears to be a tension between *Townsend*'s categorical bar in the post-conviction habeas context against claims that could have been brought on appeal and the notion in *Gonzalez* that double-jeopardy claims can be brought for the first time in habeas so long as the two-prong *Gonzalez* exception is met. *Gonzalez v. State*, 8 S.W.3d at 643. Unfortunately, this Court has merely glossed over this tension. *Marascio*, 471 S.W.3d at 850 (Yeary, J., concurring). I believe that we need further analysis of the issue before we grant relief on the double jeopardy ground in this case.

## Is Double Jeopardy Cognizable in Post–Conviction Habeas?

The correct approach to determining post-conviction habeas cognizability of a double jeopardy claim, in my view, is essentially the one Judge Keasler laid out in his concurring opinion in *Marascio*. As Judge Keasler's concurring opinion in *Marascio* points out, a double-jeopardy right can be affirmatively waived. 471 S.W.3d at 838–39 (Keasler, J., concurring) (citing *Ex parte Birdwell*, 7 S.W.3d 160 (Tex.Crim.App.1999)). Because it can be waived, it cannot be a category-one *Marin* right. But double jeopardy rights are still "prominent fixtures within our criminal-justice system[,]" and "[t]he United States

---

**2.** These cases do not explicitly address the issue of double jeopardy cognizability in post-conviction habeas. Rather, they all appear to

presume, without explanation, that the right is cognizable by simply addressing the merits of the claim.

Supreme Court has consistently noted that, with its foundation in common law, double-jeopardy rights are deeply ingrained in our system of jurisprudence." 471 S.W.3d at 839–40 (Keasler, J., concurring). For this reason, I believe double jeopardy more appropriately belongs *in Marin*'s second category of waiver-only rights. That means it can ordinarily be raised for the first time on appeal as long as it has not been affirmatively waived, even if the defendant took no action to preserve it in the trial court. But it should not ordinarily be regarded as cognizable in a post-conviction application for writ of habeas corpus—unless, perhaps, it could not have been raised on direct appeal because a record was not made to substantiate the claim.[3]

Even if the Court today disagrees with the outcome of this categorical approach to cognizability, it should at least explain why. Unfortunately, we have so far simply assumed that, if a right is "fundamental," it is cognizable in post-conviction habeas even if it is a record-based claim. We have assumed that double jeopardy claims, which are in many instances claims that can be demonstrated from an examination of the appellate record, are still cognizable in post-conviction habeas with little analysis as to why they should escape

"*Townsend*'s gatekeeping-like holding." *Id.* at 836.

I believe the issue of double jeopardy cognizability in post-conviction habeas should be more fully explained in the context of *Townsend, Moss*, and *Marin*. Even if we do not reach that issue, I would still consider granting relief in this case on the ground of ineffective assistance of counsel, which Applicant has raised alternatively.[4] Typically, however, before we grant such relief, we give counsel a chance to respond to the allegation of ineffective assistance of counsel. Having received no such response at this point, I would remand to the trial court for further findings of fact and ask for counsel's response to the allegation of ineffective assistance of counsel.

Because the Court grants summary relief based on Applicant's double jeopardy claim, I respectfully dissent.

appears to have supported Applicant's double jeopardy claim on appeal.

**3.** I certainly do not rule out the possibility that a claim of double jeopardy that is *not* based on the appellate record could be brought in post-conviction habeas corpus proceedings. There may well be scenarios in which a claim of double jeopardy might exist although the facts that would establish it were not developed before appeal. In that case, an applicant should arguably be given the opportunity to allege and prove those facts in post-conviction proceedings, just as he would be allowed to allege and prove the quintessentially non-record-based constitutional claims of ineffective assistance of counsel or a violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In the instant case, however, the appellate record

**4.** *See Hobbs v. State*, 175 S.W.3d 777, 779 (Tex.Crim.App.2005) (explaining that, for purposes of the charge of evading arrest, different means of locomotion are not separate "allowable units of prosecution" in a double jeopardy analysis). Applicant was convicted in 2013, many years after we decided *Hobbs*. "It is evident that a criminal defense lawyer must have a firm command of the facts of the case as well as the governing law before he can render reasonably effective assistance of counsel." *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App.1990).