

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,604-02

### EX PARTE TEVARES TIMMONS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 114-80390-99-A IN THE 114TH DISTRICT COURT
### FROM SMITH COUNTY

**YEARY, J., filed a dissenting opinion in which KELLER, P.J., joined.**

### <u>DISSENTING OPINION</u>

In August of 1999, Applicant was convicted by a jury of the offense of engaging in organized criminal activity. TEX. PENAL CODE § 71.02(a). A few months later, he pled guilty to committing one of the predicate offenses to that offense: aggravated robbery. *Id*. at § (a)(1); *see also* TEX. PENAL CODE § 29.03 (aggravated robbery). Now, more than 20 years later, the Court holds that Applicant's conviction for the predicate offense violates double jeopardy, and it summarily vacates Applicant's conviction for that offense. What is more, the Court then declares that this double-jeopardy violation rendered Applicant's guilty plea to the predicate offense involuntary even though the appropriate relief when setting aside a conviction on the ground of an involuntary plea would be to remand the

defendant to the custody of the charging authorities for a re-trial. I would at least file and set the cause to examine several issues.

First, by summarily granting Applicant relief on double-jeopardy grounds, the Court once again overlooks the fact that only scant analysis has been afforded the issue of whether such a claim should even be permitted to be raised in a post-conviction application for writ of habeas corpus brought under Article 11.07 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 11.07. As I explained in *Ex parte Estrada*, 487 S.W.3d 210, 212–15 (Tex. Crim. App. 2016) (Yeary, J., dissenting), the issue of double-jeopardy cognizability in post-conviction habeas should be more fully explored in the context of *Ex parte Townsend*, 137 S.W.3d 79 (Tex. Crim. App. 2009), *Ex parte Moss*, 446 S.W.3d 786 (Tex. Crim. App. 2014), and *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).

Second, even if the Court is convinced that Applicant's double-jeopardy claim should be cognizable in post-conviction habeas corpus proceedings, there remains the issue of laches to consider. Applicant did not file his first post-conviction writ application until March of 2021—more than 20 years after his 1999 convictions. Such a delay typically triggers a laches inquiry. *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013). A laches inquiry is especially appropriate when, as here, there still exists at least one plausible form of prejudice the State might suffer on account of the delay: prejudice to its ability to contest the merits of Applicant's claim for habeas corpus relief. And the State's ability to contest Applicant's double-jeopardy claim is no mean consideration.

The constitutional insulation from being twice prosecuted for the "same" offense for double-jeopardy purposes is a waiver-only right. *Estrada*, 487 S.W.3d at 214–15 (Yeary, J., dissenting); *Ex parte Marascio*, 471 S.W.3d 832, 839 (Tex. Crim. App. 2015)

(Keasler, J., concurring). Double-jeopardy protection can be waived, but it must be waived affirmatively, in a manner suggesting that the defendant was aware that he enjoyed it and voluntarily chose to give it up anyway. *See Marin*, 851 S.W.2d at 279 (observing that a waiver "is not sufficient in contemplation of the law unless it amounts to the intentional relinquishment or abandonment of a known right or privilege.") (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)) (internal quotation marks omitted). In any given case, however, the passage of time might hamper the State's ability to show that an applicant did, in fact, affirmatively waive his double-jeopardy protections—say, in exchange for a highly favorable plea offer from the State that would embrace and favorably dispose of related offenses he had also been accused of committing. As I think this hypothetical illustrates, the way in which laches might operate in the context of double-jeopardy claims in post-conviction habeas corpus proceedings raises additional issues that further highlight the need to file and set this cause for exploration and analysis.

Third—and for similar reasons—I would not conclude that Applicant involuntarily entered his guilty plea to the predicate offense because there is an apparent double-jeopardy violation on the record, as the Court simply declares in its per curiam opinion today. With the passage of so much time, we cannot necessarily know whether Applicant may have knowingly and intelligently bargained away his double-jeopardy rights.

And, in any event, declaring Applicant's guilty plea to be involuntary is superfluous. The appropriate relief for such a claim would be to reverse the conviction and remand the case for a new trial. By sustaining Applicant's double-jeopardy claim, the Court has already availed him of greater relief than that; it has vacated his conviction and dismissed the accusation against him. *See Ex parte Chaddock*, 369 S.W.3d 880, 886 (Tex. Crim. App.

2012) (plurality opinion) (granting relief on a meritorious successive-prosecutions double-jeopardy claim in the form of vacating the conviction and dismissing the indictment with prejudice).

For the reasons I expressed in my dissent in *Estrada*—and more—I would at least file and set this writ application. I would not simply grant relief based on what may only appear, in the obscurity of time, to have been a double-jeopardy violation. I therefore respectfully dissent.

FILED:               September 22, 2021
PUBLISH