

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-93,182-01

### EX PARTE TYRONE DARNELL PRICE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-371-W012016-1598910-A IN THE 371ST DISTRICT COURT
### FROM TARRANT COUNTY

**YEARY, J., filed a dissenting opinion in which KELLER, P.J. joined.**

### <u>DISSENTING OPINION</u>

Applicant's attorney allowed him to plead guilty to two indictments on the same day for the offense of assault on a family member—allegedly committed in the same way, on the same date, against the same victim. Today the Court grants him relief on the only ground alleged in his post-conviction application for writ of habeas corpus: a violation of his constitutional protection against being twice convicted of the same offense embodied in the Double Jeopardy Clause of the Fifth Amendment. But the Court should not grant Applicant summary relief on this basis, for the reasons I have expressed in *Ex parte Estrada*, 487 S.W.3d 210, 212–15 (Tex. Crim. App. 2016) (Yeary, J., dissenting), and,

more recently, in *Ex parte Timmons*, 630 S.W.3d 98, 98-99 (Tex. Crim. App. 2021) (Yeary, J., dissenting).

Applicant should have sought relief—if he is entitled to any—in the guise of a claim of ineffective assistance of counsel, or even perhaps in the guise of a claim of prosecutorial misconduct. If he had brought either of those claims, the Court would then have inquired whether there might have been some understandable excuse for what otherwise appears to be a plain violation of the double jeopardy bar. But he has not brought either of those claims, even as an alternative claim, and so we have no basis to grant relief on for either of those reasons.

The Court should file and set this writ application to finally articulate whether a double jeopardy claim made under circumstances such as those presented by these cases is even cognizable in post-conviction habeas corpus proceeding, and if so, why. *Id*. At the very minimum, the Court should not grant relief on this bare double jeopardy claim without at least establishing a requirement, for this and similar cases, that a defendant pursuing such a claim should have to show that an apparent double jeopardy claim (such as this one in this case) was not just a part of some hard-to-understand (without more information) but nevertheless permissible plan or strategy.

Because the Court instead grants summary relief, I respectfully dissent.


FILED:                    December 8, 2021
PUBLISH