

# In the Court of Criminal Appeals of Texas

No. WR-93,208-01

EX PARTE FLOYD WOODS,

*Applicant*,

On Application for a Writ of Habeas Corpus
Cause No. 241-1074-14-A in the 241st District Court
Smith County

YEARY, J., filed a dissenting opinion.

Once again, the Court grants relief in a post-conviction application for writ of habeas corpus on a claim that an applicant's convictions for two offenses violated the multiple-punishments prohibition of the Fifth Amendment Double Jeopardy Clause, applicable to the states via the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784 (1969). It does so without even acknowledging the threshold

issue of cognizability. *See Ex parte Estrada*, 487 S.W.3d 210, 214–15 (Tex. Crim. App. 2016) (Yeary, J., dissenting) (arguing that such a double jeopardy claim can be raised for the first time on appeal, and that the failure to do so constitutes a forfeiture for purposes of obtaining relief in post-conviction habeas corpus proceedings, since habeas is not a substitute for direct appeal). As before, I respectfully dissent.

Applicant was twice indicted for unlawful possession of a firearm by a felon, a third-degree felony. TEX. PENAL CODE § 46.04(a)(1), (e). The indictments also alleged two prior convictions, subjecting him to habitual-offender punishment under Section 12.42(d) of the Penal Code. TEX. PENAL CODE § 12.42(d). In exchange for Applicant's open plea of guilty to both offenses, the State abandoned one of the enhancement counts, reducing Applicant's exposure to a second-degree felony—2 to 20 years in the penitentiary. TEX. PENAL CODE §§ 12.42(a), 12.33(a). The trial court assessed punishment at 18 years' confinement for each offense and ordered the two sentences to run concurrently.

In the plea papers, Applicant expressly waived his right to appeal. Though he thereafter filed a notice of appeal, he later withdrew that attempted appeal in a letter to the trial court in which he expressed that he was "satisfied with the sentence that was given to me[.]"[1] He does not

---

[1] Applicant also claims his guilty-plea counsel provided ineffective assistance of counsel for failing to advise him that he could not be twice punished for these offenses. The convicting court does not recommend that we grant relief on this claim, however, and with good reason. The law with respect to whether punishing a felon twice for possessing more than one firearm at the same time has been unsettled until this Court's opinion today, and it seems highly doubtful Applicant would have risked forgoing the State's generous offer to abandon one of the habitual enhancement counts on the possibility that this Court might eventually uphold his double jeopardy claim.

claim that his waiver of appeal was unknowing or involuntary.

The facts underlying Applicant's current double-jeopardy claim are already in the record. The claim does not depend upon the additional fact development afforded by post-conviction habeas corpus proceedings. He could have readily raised it in a direct appeal, had he not freely chosen to waive appeal in exchange for a more favorable disposition.

The argument for why a claim like Applicant's is not cognizable has been well expressed by Judge Keasler, and I will not belabor it here. *See Ex parte Marascio*, 471 S.W.3d 832, 833–40 (Tex. Crim. App. 2015) (Keasler, J., concurring) (because double jeopardy is a "waiver-only" right under the rubric of *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), it could have been raised for the first time on appeal, and failure to do so works a forfeiture for purposes of raising it in post-conviction habeas corpus proceedings under *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004)); *Ex parte Aubin*, 537 S.W.3d 39, 46–48 (Tex. Crim. App. 2017) (Keasler, J., concurring) (same); *see also*, *Marascio*, 471 S.W.3d at 850–51 (Yeary, J., concurring); *Estrada*, 487 S.W.3d at 214–15 (Yeary, J., dissenting); *Ex parte Timmons*, 630 S.W.3d 98, 98 (Tex. Crim. App. 2021) (Yeary, J., dissenting).

To the Court's persistence in granting relief in claims like Applicant's without ever addressing this issue of cognizability, I respectfully dissent.

**FILED:**                         September 28, 2022
**PUBLISH**