

# In the Court of Criminal Appeals of Texas

No. WR-84,586-04

EX PARTE KELLY CEKIMBER PICKETT,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 007-1489-17-A in the 7th District Court
From Smith County

YEARY, J., filed a dissenting opinion, in which SLAUGHTER, J. joined.

In 2018, Applicant pled guilty to two offenses based on stealing the same truck. Applicant pled guilty to theft and was sentenced to twelve years' imprisonment. On the same day, Applicant pled guilty to unauthorized use of a motor vehicle with a concurrent sentence of seven years' imprisonment. Applicant did not appeal his convictions. In June

of 2022, Applicant filed an application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he contends that his unauthorized use of a motor vehicle conviction violates the Double Jeopardy Clause of the United States Constitution. Applicant also claims that he received ineffective assistance from plea counsel for, among other things, failing to object on double jeopardy grounds. Today the Court grants Applicant relief on his substantive double jeopardy claim. The Court does not address the merits of Applicant's ineffective assistance of counsel claim.

As I have expressed before, I believe that a double jeopardy claim should not ordinarily be cognizable in a post-conviction application for writ of habeas corpus. *See Ex parte Estrada*, 487 S.W.3d 210, 215 (Tex. Crim. App. 2016) (Yeary, J., dissenting) ("I believe double jeopardy more appropriately belongs in *Marin*'s second category of waiver-only rights. That means it can ordinarily be raised for the first time on appeal as long as it has not been affirmatively waived . . .. But it should not ordinarily be regarded as cognizable in a post-conviction application for writ of habeas corpus[.]") (citing *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993)).

Accordingly, the more appropriate disposition for this application would be to address whether Applicant is entitled to relief on his ineffective assistance of counsel claim. This would entail remanding to the convicting court to obtain a response from counsel with respect to why he did not object based on double jeopardy to the indictment for unauthorized use of a motor vehicle.

Because the Court grants relief based on Applicant's double

jeopardy claim without considering whether the claim is even cognizable in a post-conviction application for writ of habeas corpus, and because the Court fails to remand for further fact development with respect to Applicant's ineffective assistance of counsel claim, I respectfully dissent.

**FILED:**                              February 15, 2023
**DO NOT PUBLISH**