

# In the Court of Criminal Appeals of Texas

Nos. PD-0065-22, PD-0066-22 & PD-0067-22

DONNELL SLEDGE,

*Appellant*

v.

THE STATE OF TEXAS

On State's Petition for Discretionary Review
From the Fifth Court of Appeals
Dallas County

YEARY, J., filed a dissenting opinion.

It is almost inconceivable to me that the trial judge in this case granted Appellant's motions for new trial under the belief that he was thereby declaring the evidence to be legally insufficient to support the

three offenses for which the jury had convicted him. Even Appellant does not seem to have believed that to be the case. And that may be why he did not attempt to forestall the State's re-prosecution of him through a pre-trial application for writ of habeas corpus, or even on appeal following his re-convictions.

It was not until *the State* broached the possibility of a prior acquittal in its motion for rehearing to the court of appeals that this double jeopardy claim even arose. In my view, the court of appeals had discretion to refuse to entertain the merits of the claim, which was brought by the adverse party at such a late stage of the proceedings. As I read the court of appeals' opinion denying rehearing, it *did* refuse to address the claim on the merits. Thus, there is no double jeopardy issue before this Court to address on discretionary review.

Under these circumstances, the Court's opinion in this case is a prohibited advisory opinion. *See Armstrong v. State*, 805 S.W.2d 791, 794 & n.4 (Tex. Crim. App. 1991) (explaining that, other than perhaps in the case of questions about Texas criminal law certified to this Court by a federal appellate court, the Court is "without authority to render advisory opinions"); *Ex parte Ruiz*, 750 S.W.2d 217, 218 (Tex. Crim. App. 1988) (same). Because the Court even deigns to address the issue at all, I dissent. Moreover, because the Court also mishandles the issue, I doubly dissent.

## I. THE ISSUE IS NOT REALLY BEFORE THE COURT

The Appellant has yet to file a pleading in these cases in which he argues that his present convictions are jeopardy barred. No pre-trial application for writ of habeas corpus. No motion to quash the

indictments. No claim in his brief on direct appeal raising *autrefois acquit*—that the convictions resulting from his re-prosecutions violated the constitutional protection against double jeopardy. No motion for rehearing in the court of appeals seeking, if belatedly, to raise that issue. While he did agree with the State that there was a double jeopardy violation for the first time in a response to the *State's* motion for rehearing, he did not even file a petition for discretionary review complaining of the failure of the court of appeals to address the issue.

Instead, the *State* raised the issue of prior acquittal for the first time in a motion for rehearing in the court of appeals, and now on discretionary review. The State is the appellee in this case, having obtained the convictions it sought in the trial court. According to this Court's opinion in *Spielbauer v. State*, the State is entitled to raise new claims—even for the first time on discretionary review—arguing why the trial court's judgment was correct. 622 S.W.3d 314, 318–20 (Tex. Crim. App. 2021). But that is not what the State did in its motion for rehearing in this case.

Instead, the State argued, for the first time in a motion for rehearing in the court of appeals, that *Appellant*'s convictions were potentially jeopardy barred. But it is not at all clear to me, at least not in light of this Court's decision in *Rochelle v. State*, that the court of appeals was obligated to reach *that* claim when raised for the first time in a motion for rehearing—by *either* party. 791 S.W.2d 121, 124 (Tex. Crim. App. 1990) ("[T]he decision whether to consider [the merits of a new ground raised for the first time in a motion for rehearing] is left to

the sound discretion of the appellate court.").[1] In filing its motion for rehearing in this case, the State was acting more in the capacity of an *appellant*, who is challenging the trial court's judgment, than an *appellee*, who is defending it. For that reason, I would regard *Rochelle*—not *Spielbauer*—as the controlling authority, and I would conclude that it was within the court of appeals' discretion not to address the merits of the State's motion for rehearing. And when the court of appeals overrules such a motion—as it did in this case—without addressing the merits of the new claim, this Court does not typically regard it as ripe for discretionary review. *Id.*; *see also*, *e.g.*, *Davison v. State*, 405 S.W.3d 682, 691 (Tex. Crim. App. 2013) (this Court ordinarily addresses only "decisions" of the courts of appeals).

I also do not agree with the Court that the court of appeals' opinion denying rehearing really *did* address the merits of the issue. *See* Majority Opinion at 12−13 ("[T]he court of appeals addressed the effect of the [state's] motion for new trial on both the convictions and the enhancements."). Nothing in the court of appeals' opinion seems truly responsive to the issue, other than to suggest that the appellate record is insufficient to present it. *Sledge v. State*, 637 S.W.3d 967, 969 & n.3 (Tex. App.—Dallas 2022) (op. denying reh'g).[2] And as I see it, while not

---

[1] *See* George E. Dix & John M. Schmolesky, 43B TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 55:109, at 217 (3d ed. 2011) (continuing, even after *Spielbauer*, to observe as a general proposition that "whether to consider a matter raised for the first time on motion for rehearing rests in the discretion of the appellate court").

[2] The court of appeals did not *grant* rehearing to address the State's new argument; instead, it issued an opinion to explain why it would *not* grant rehearing to address the State's argument. To the extent that the court of

a model of clarity, the court of appeals' opinion denying rehearing seems simply to have doubled down on its holding on original submission, reiterating its judgment ordering a new punishment hearing and nothing more.

The court of appeals did not even meaningfully engage the State's argument that the basis of the trial court's granting of the new trial motion was a legal sufficiency determination with double jeopardy repercussions. Instead, it simply endeavored to explain why it chose *not* to grant rehearing to address the State's arguments. Because the court of appeals declined to address the merits of the issue, as far as I am concerned, so should we.

## II. FURTHER FACT DEVELOPMENT IS REQUIRED

The Court suggests that, in the face of an indeterminate record to show why Appellant's motions for new trial were granted, the trial court's order granting a new trial solely on the basis that the verdict was "contrary to the law and the evidence" must control. *See* Majority Opinion at 16 (refusing to entertain the suggestion that the motions for new trial could have been granted on a different basis than legal sufficiency "where the record is silent, or worse, absent"). According to the Court, such an order may *only* be construed as a finding that the evidence was legally insufficient—on the sole basis of its opinion in *State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013). *Id.* at 14. And

---

appeals seems to have responded *at all* to the State's claim in its opinion denying rehearing, it seems simply to have rejected the State's prayer to abate the appeal for greater record development, relying on a "presumption of regularity" in the appellate record as is. *Sledge*, 637 S.W.3d at 969 & n.3. I do not regard this as a resolution of the merits of the new trial/acquittal issue.

*that*, the Court concludes, has definite double jeopardy consequences. *Id*. at 19.

## A. What Does "Contrary to the Law and Evidence" Mean?

Even if I thought that it was acceptable to reach this "contrary to" issue for the first time on discretionary review, I do not think the Court's conclusion is inevitable. First, I have my doubts that the import of the phrase as it appears in Rule 21.3(h) of the Rules of Appellate Procedure is necessarily limited to conveying a challenge to the *legal* sufficiency of the evidence to sustain the judgment of conviction. *See* TEX. R. APP. P. 21.3(h) ("A defendant must be granted a new trial . . . for any of the following reasons: . . . (h) when the verdict is contrary to the law and the evidence."). Indeed, it may not convey *legal* sufficiency at all.

The Rule in its current form was promulgated in 1996, and last amended effective 2007. The phrase "contrary to the law and the evidence," plainly addresses both legal and evidentiary reasons for granting a new trial. To the degree it references the possibility of a judgment that is "contrary to . . . the law," it embraces any legal reason at all that might justify a new trial. And to the degree it references the possibility of a judgment that is "contrary to . . . the evidence," it would seem more aptly to refer to so-called "factual" sufficiency—a doctrine that was still in vogue during that period—than legal sufficiency. *See Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)).[3] After all, the

---

[3] *See State v. Savage*, 933 S.W.2d 497, 501 n.1 (Tex. Crim. App. 1996) (Clinton, J., dissenting) (arguing that the nearly-identically worded predecessor to Rule 21.3(h), former Rule 30(b)(9) of the 1986 Texas Rules of Appellate Procedure, may have been intended to relate to factual sufficiency

remedy that this Court declared to be proper when a court concluded that evidence was *factually* insufficient was a *new trial*, *Clewis*, 922 S.W.2d at 136, and that understanding would make the proper remedy consistent with the remedy actually requested in a motion for a *new trial*.

A finding of *legal* insufficiency, in contrast, is not constitutionally subject to the remedy of a new trial. As it presently appears in our Rules of Appellate Procedure, then, Rule 21.3(h) may simply constitute a useless vestige of a now-bygone era of factual sufficiency review in Texas criminal cases, not a discordant allusion to legal insufficiency at all. And *that*, it seems to me, is most likely the best way to construe its meaning. Why, after all, would a defendant who believed he was entitled to an outright acquittal on the ground that the evidence is legally insufficient to sustain the verdict against him ask, instead, only for a new trial?

As yet another alternative, "contrary to the law and the evidence" might simply constitute another catch-all phrase, like "in the interest of justice." This Court has said that the grounds for a new trial listed in the Rule are not exhaustive. *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007) ("The legal grounds for which a trial court must grant a new trial are listed in Rule 21.3, but that list is illustrative, not exclusive."). So, a trial court may grant a motion for new trial, even "in

---

rather than legal sufficiency). Whether the trial court had the authority to grant Appellant's motion for new trial based on factual insufficiency after *Brooks*—if that is what it did here, which we cannot tell because of the incomplete record—is not properly before us today. But neither is the question of whether the trial court in fact granted the motion based on *legal* insufficiency.

the interest of justice," but only if the movant has also "articulated a valid legal claim." *State v. Thomas*, 428 S.W.3d 99, 105 (Tex. Crim. App. 2014).

In the same way, while a defendant may allege that the jury's verdict was "contrary to the law and the evidence"—he might also do so in a way that focuses the trial court's attention on a specific "law" or "evidence" error distinct from legal sufficiency. Indeed, it is common knowledge that appellate practitioners who seek no more than to extend the time for filing a notice of appeal, under TEX. R. APP. P. 26.2(a)(2), often allege that "the verdict is contrary to the law and evidence" as a kind of non-substantive boiler-plate ground, not meant to implicate legal sufficiency at all. Also, notwithstanding *Zalman*, the phrase is frequently used, not to convey any specific complaint on its own, but instead to simply tie a different, perhaps unenumerated basis for new trial (or no real basis at all) to actual language from Rule 21.3.

The State Prosecuting Attorney has used the local appellate prosecutor's motion for rehearing in this case as an opportunity to urge this Court to qualify *Zalman* in accord with this understanding, arguing that the phrase "the verdict is contrary to the law and the evidence" should not be construed invariably to invoke legally insufficient evidence. State Prosecuting Attorney's Petition for Discretionary Review, at 7−8; State Prosecuting Attorney's Brief on the Merits, at 13−18. I am not unsympathetic to its argument. But, for reasons developed in Part I of this dissent, I believe this to be an inappropriate case in which to finally resolve the question.

## B. And Why Is It the *State's* Burden?

In any event, it is not clear to me—and the Court does nothing to clarify—why it is the *State* in this case that must suffer the effects of an underdeveloped record. Are we to presume that neither the parties nor the trial court understood the double-jeopardy significance of a motion for new trial granted because of legal insufficiency? *See Hudson v. Louisiana*, 450 U.S. 40 (1981) (holding that, when the record clearly shows that a motion for new trial was granted based on legally insufficient evidence, and *not* because the trial court acted as a proverbial "13th juror," a retrial is barred by double jeopardy). Everyone connected to this case proceeded to a retrial of the allegations under the apparent assumption that it was permissible, which suggests than none of them understood the trial court's ruling on the motion for new trial to have been legal-sufficiency-based. It is Appellant who now stands to benefit from a showing that, notwithstanding the behavior of the parties, the trial court's ruling really *was* predicated on legal sufficiency. So, should it not be he, then, who is made to suffer the consequences of an inchoate record? That it was the State, not the Appellant, that first called this issue to the attention of the courts should not mean that the State should have to solidify Appellant's claim for him.

At most, Appellant should be given the opportunity to show that the record *can be made* to support the double jeopardy claim. That is essentially the remedy the State sought in its motion for rehearing—an abatement to further develop the record. State's Motion for Rehearing, at 5−6. The court of appeals denied that relief, in what I view as a legitimate exercise of its discretion simply not to address the merits of the issue at all on rehearing. Appellant should be required, at this

juncture, to pursue any remedy he may still have in post-conviction habeas corpus proceedings,[4] where he might be given the chance to develop a more complete factual predicate for his claim. There is no justification at this stage for making the *State* suffer the pitfall of a record that fails fully to reveal the basis for the trial court's order granting the new trial.

The Court gives the benefit of the doubt engendered by an underdeveloped record to Appellant. But it says nothing about why the State must bear the burden on appeal of completing the record. Under circumstances like these, suggesting that nobody has heretofore believed that legal sufficiency and double jeopardy were implicated, it is anomalous for the Court—especially in its capacity as a discretionary review court—to reach this issue and resolve it in the first instance, with no occasion afforded for further fact development.

### III. CONCLUSION

I would dismiss the State Prosecuting Attorney's *first* ground for review as improvidently granted and proceed to address its *second* ground for review.[5] Because the Court does not, I respectfully dissent.

**FILED:** March 8, 2023
**PUBLISH**

---

[4] I have taken the position that a double jeopardy claim ought not ordinarily to be considered cognizable in post-conviction habeas corpus proceedings, "unless, perhaps, it could not have been raised on direct appeal because a record was not made to substantiate the claim." *Ex parte Estrada,* 487 S.W.3d 210, 215 (Tex. Crim. App. 2016) (Yeary, J. dissenting). This is arguably such an exceptional case.

[5] Because the Court's disposition of the case moots the State's second ground for review, which it declares to have been improvidently granted, Majority Opinion at 2, I will not address it today.