

# In the Court of Criminal Appeals of Texas

No. WR-94,606-01

EX PARTE LAWRENCE ISERAL HUBERT,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. CR34892-A
In the 253rd District Court
Liberty County

YEARY, J., filed a dissenting opinion, in which SLAUGHTER, J., joined.

Once again, the Court is presented with an opportunity to re-examine our approach to post-conviction collateral attacks based on double jeopardy claims that were not raised on appeal. Instead of addressing the appropriate use of writs of habeas corpus in the context

of double jeopardy claims, the Court summarily grants relief citing *Ex parte Woods*, 664 S.W.3d 260 (Tex. Crim. App. 2022). For the reasons I dissented in that, and previous cases raising the same question, I dissent again here. *Id.* at 265–66 (Yeary, J., dissenting); *see also Ex parte Estrada*, 487 S.W.3d 210, 214–15 (Tex. Crim. App. 2016) (Yeary, J., dissenting) (arguing that a double jeopardy claim that can be raised for the first time on appeal should be raised in that proceeding, and that the failure to do so constitutes a forfeiture for purposes of obtaining relief in post-conviction habeas corpus proceedings, since habeas is not a substitute for direct appeal).

I would file and set this case to consider this issue of cognizability. Because the Court still does not, I dissent.

**FILED:**                                                                December 6, 2023
**PUBLISH**